■ MILLICENT MOORE, Respondent, v NEW YORK CITY TRANSIT AUTHORITY, Appellant.—In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Kings County (Greenstein, J.), entered October 2, 1990, which denied its motion for a protective order striking paragraphs 2 and 3 of the plaintiff's notice of discovery and inspection, and which granted the plaintiff's cross motion for leave to amend her notice of claim and to compel discovery.

Ordered that the order is reversed, with costs, the defendant's motion for a protective order is granted, the plaintiff's cross motion to compel discovery and to amend her notice of claim is denied, and paragraphs 2 and 3 of the plaintiff's notice for discovery and inspection are stricken.

On August 27, 1985, the plaintiff fell onto a subway track and had her right leg severed by an oncoming train. In her notice of claim served in May 1986 as well as in her complaint served in August 1986 the plaintiff contended that her accident had been caused "as a result of the negligence of the [appellant], its agents, servants and/or employees, in the ownership, operation, maintenance and control of the subway train and station". However, at her deposition in March 1990 the plaintiff for the first time identified the sandy line that runs along the edge of the platform as the cause of her fall. Thereafter, the plaintiff served notices for discovery and inspection of all documents relating to this line, known as the "blind line", and the appellant moved for a protective order. The plaintiff's cross motion to compel discovery and to amend

her notice of claim to allege a defective condition of the "blind line" as a cause of her accident was granted by the court. We reverse.

The plaintiff may not for the first time enunciate "the manner in which [her] claim arose" some four and a half years after her accident, when the defendant is unable to conduct a timely and meaningful investigation of the merits of her claim (see, General Municipal Law § 50-e [2], [3]; *O'Brien v City of Syracuse*, 54 NY2d 353, 358; *Teresta v City of New York*, 304 NY 440, 443; see also, *Altmayer v City of New York*, 149 AD2d 638; *Caselli v City of New York*, 105 AD2d 251; *Raczy v County of Westchester*, 95 AD2d 859). Indeed, before the plaintiff's deposition in 1990, the appellant was unaware that she was claiming that she fell to the tracks because she "tripped". In a case of this sort, "knowledge of the facts underlying an occurrence does not constitute knowledge of the claim. 'What satisfies the statute is not knowledge of the wrong. What the statute exacts is notice of the "claim" ' " (*Chattergoon v New York City Hous. Auth.*, 161 AD2d 141, *affd* 78 NY2d 958, quoting from *Thomann v City of Rochester*, 256 NY 165, 172; see also, *Levine v City of New York*, 111 AD2d 785). Here, the appellant did an extensive investigation, but nothing alerted it to an allegedly defective "blind line", and the appellant is prejudiced because it cannot demonstrate so many years after the event the *absence* of any negligent defect in its "blind line". Mangano, P. J., Sullivan, O'Brien, Ritter and Pizzuto, JJ., concur.