■ PAULA C. FROST, as Administratrix of the Estate of WINTHROP A. FROST, Deceased, Respondent, v GERALD MONTER et al., Defendants, and CNA INSURANCE COMPANIES, Nonparty Appellant. [609 NYS2d 308] —In an action to recover damages for wrongful death, CNA Insurance Companies, the defendants' insurer, appeals from an order of the Supreme Court, Nassau County (Robbins, J.), dated August 31, 1992, which granted the plaintiff's motion for leave to serve an amended complaint.

Ordered that the order is reversed, on the law, with costs, and the motion is denied.

Since the proposed amendment of the complaint would prejudice only CNA Insurance Companies (hereinafter CNA), and the defendants had no interest in opposing the motion to amend, CNA was the real party in interest and clearly was aggrieved by the amendment within the meaning of CPLR 5511. The Supreme Court should have permitted CNA to intervene in the action and should have considered its affirmation in opposition to the plaintiff's motion to amend the complaint (see, e.g., Agway Ins. Cos. v Williamson, 162 AD2d 968; 71 NY Jur 2d, Insurance, § 1922; see also, McLaughlin, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C1013:2, at 172).

Upon reviewing all of the motion papers, including CNA's opposition, we find that the plaintiff's motion to amend the complaint to assert a cause of action sounding in "negligent hiring" should have been denied. Although leave to amend pleadings is generally freely given (see, CPLR 3025 [b]), where

such pleadings are devoid of merit, leave should be denied *(see, Camelot Graphics v Ellis,* 178 AD2d 375). Here, a review of the moving papers discloses that there is no affidavit by a person with knowledge of the underlying facts, nor are the pleadings verified by a party. Considering the plaintiff's delay in seeking to amend the pleadings, the lack of any adequate explanation in the plaintiff's moving papers for this delay, the prejudice enuring to CNA's position, and the plaintiff's failure to set forth any new factual matter to support the amendment, the motion to amend the complaint to assert a "new" cause of action should have been denied. Sullivan, J. P., Joy, Friedmann and Goldstein, JJ., concur.