■ WALTECH CONSTRUCTION CORPORATION, Respondent, v TOWN OF THOMPSON, Appellant. [654 NYS2d 456] —Spain, J. Appeal from a judgment of the Supreme Court (Kane, J.), entered August 9, 1996 in Sullivan County, which granted plaintiff's motion for summary judgment.

In May 1995 plaintiff submitted a bid proposal in response to defendant's "Advertisement for Bids" in connection with the modification and improvement of the Emerald Green—Lake Louise Marie Sewer Collection System and Sewer Treatment Plant (hereinafter the project). Item No. 1 in plaintiff's bid represented the bulk of the construction job. For item Nos. 2, 3 and 4, plaintiff submitted the unit cost at which plaintiff could perform the specified type of work; significantly, the estimated quantities were predetermined by defendant. Item No. 2 concerned the removal and disposal of petroleum contaminated soil, item No. 3 concerned the removal and disposal of asbestos cement pipe, and item No. 4, which forms the basis for the instant action, concerned rock excavation and disposal. Defendant initially estimated that 300 cubic yards of rock would have to be removed; in its bid proposal plaintiff stated that it could perform this task for $70 per cubic yard, for a total of $21,000. Plaintiff's total bid was $2,238,589 and, based on this bid, defendant awarded the contract to plaintiff.

Paragraph 4.2 of the agreement, executed in June 1995, states in pertinent part: "Rock excavation as defined herein, as rquired [*sic*] for completion of the work shall be paid for under Contract 101C on a unit price basis. The unit price to be provided shall be within the range of $35.00 to $80.00 per cubic yard, as measured by the Engineer."

Soon after plaintiff commenced work it determined that the amount of rock requiring excavation was much greater than estimated. In early July 1995, plaintiff informed the firm hired as defendant's project engineer (hereinafter the engineer) that it estimated 1,300 cubic yards of rock would have to be

excavated, rather than the 300 cubic yards originally estimated by the engineer. Although the agreement states that it was the engineer's responsibility to measure the rock, the engineer's firm expected plaintiff to submit to it a proposed method of measuring excavated rock. In response to plaintiff's inquiry about additional rock excavation, the engineer's firm advised plaintiff that it was not available to measure the rock and protested that plaintiff should be more cooperative. Significantly, the record is devoid of any evidence that plaintiff affirmatively acted in any way to impede the engineer from measuring the rock.

In September 1995, plaintiff informed the engineer that it calculated the total amount of rock excavated to be 2,188 cubic yards and provided blueprints detailing the work performed. Plaintiff later advised the engineer that these calculations were done by plaintiff and a licensed surveyor. Thereafter, plaintiff submitted an application for payment which reflected the current volume of rock excavated and the total cost of $153,160, which was reached by using the $70 per cubic yard figure contained in its bid. In response, the engineer informed plaintiff that it had not certified to defendant any payment for rock excavation in excess of the 300 cubic yards originally estimated; the engineer based its determination on plaintiff's failure to submit a change order for the rock excavation in excess of the original estimate. Plaintiff then commenced this action for a declaratory judgment seeking payment for rock excavation performed in excess of the 300 cubic yards; plaintiff subsequently moved for summary judgment. Supreme Court granted plaintiff's motion and defendant appeals.

We affirm. It is well settled that unit price contracts entitle the contractor to payment for work completed, at the agreed-upon unit price, even in circumstances in which the amount of work is considerably in excess of the estimates (*see, Sullivan v President & Trustees of Vil. of Sing Sing*, 122 NY 389; *see also, Depot Constr. Corp. v State of New York*, 19 NY2d 109). We reject defendant's contention that the rock excavation required a change order or that the rock excavation represented additional work. The contract plainly demonstrates that the 300-cubic yard figure was simply an estimate and both parties reached agreement with the knowledge that the actual amount of rock excavation might vary from the estimate. The "Instructions to Bidders", drafted by defendant, states in pertinent part: "The Contractor agrees that the estimated quantities of the several classes of work and kinds of material stated in the Proposal are approximate and are to be used only for the

purpose of comparing bids offered for the work. The Contractor agrees that he will not hold responsible the Owner, Engineer and agents should any of the estimated quantities be found not even approximately correct".

In our view, the contract firmly establishes that both parties will apply the unit price agreed upon, whether the quantity is much greater or much less than estimated. Notably, plaintiff in this case does not seek to avoid use of the unit price because the amount of work was much greater (see, Depot Constr. Corp. v State of New York, supra); rather, plaintiff is simply insistent that the unit price set forth in the contract be applied to the work it had agreed to do. The agreement between the parties provides that plaintiff would perform rock excavation for $70 per cubic yard, whatever quantity was encountered to complete the project. Accordingly, Supreme Court properly granted plaintiff's motion for summary judgment.

We have reviewed defendant's remaining contentions and find them to be without merit.

Mikoll, J. P., Crew III, Yesawich Jr. and Carpinello, JJ., concur. Ordered that the judgment is affirmed, with costs.