◼ Timothy Morgan et al., Appellants, v Prospect Park Associates Holdings, L.P., et al., Respondents. [674 NYS2d 62] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal (1) from so much of an order of the Supreme Court, Kings County (Demarest, J.), dated April 23, 1997, as denied that branch of their motion which was for leave to amend the complaint, and (2) from an order of the same Court, dated September 10, 1997, which denied their motion to renew that branch of their prior motion which was for leave to amend the complaint.

Ordered that the orders are affirmed, with one bill of costs.

Contrary to the plaintiffs' contention, the Supreme Court did not improvidently exercise its discretion by denying that branch of their motion which was for leave to amend the complaint to include additional allegations enlarging the time period of the defendants' alleged negligence. While CPLR 3025 provides that leave to amend a pleading shall be freely granted, leave to amend is not to be granted upon the mere request of a party without a proper basis (*see, Wieder v Skala,* 168 AD2d 355). Rather, it is incumbent upon the movant to make "some evidentiary showing that the claim can be supported" (*Cushman & Wakefield v John David, Inc.,* 25 AD2d 133, 135). In determining whether to grant leave, a court must examine the underlying merit of the proposed claims, since to do otherwise would be wasteful of judicial resources (*see, McKiernan v McKiernan,* 207 AD2d 825). Here, the only affidavits submitted in support of the plaintiffs' motion are from their attorneys, who clearly lack personal knowledge of the underlying facts of this tort action (*see, Frost v Monter,* 202 AD2d 632, 633; *Mathiesen v Mead,* 168 AD2d 736, 737). Moreover, the proposed amended complaint is not verified by a party (*see, Frost v Monter, supra),* but rather by the plaintiffs' attorneys (*see,* CPLR 3020 [d] [3]). Considering, as well, the plaintiffs' failure to proffer any adequate explanation for the delay in seeking this amendment to the complaint, the potential prejudice to the defendants' case, and the plaintiffs' failure to set forth any new or additional facts to support the amendment, the motion was properly denied (*see, Frost v Monter, supra; Mathiesen v Mead, supra).*

We have considered the plaintiffs' remaining contention and

find it to be without merit (*see, Caffee v Arnold,* 104 AD2d 352). Bracken, J. P., Copertino, Joy and McGinity, JJ., concur.