■ RICHARD KRANTZ, Respondent, v CHATEAU STORES OF CANADA, LTD., Appellant. [683 NYS2d 24] —Order, Supreme Court, New York County (Louise Gruner Gans, J.), entered April 17, 1998, which, to the extent appealed from, denied defendant's motion to dismiss the second cause of action for fraud pursuant to CPLR 3211 (a) (7), unanimously reversed, on the law, without costs, the motion granted and the matter remanded for further proceedings on plaintiff's first cause of action for breach of contract.

Plaintiff Krantz entered into an agreement with defendant Chateau Stores of Canada, Ltd. to act as the merchandising consultant and buying director for defendant's New York City store. According to plaintiff's complaint, the agreement provided that plaintiff would receive a bonus equal to 50% of the net profit of the New York City store for the fiscal year ending January 25, 1997. The net profit was to be calculated by the Canadian head office upon consideration of overhead costs, and after deduction of plaintiff's consulting fee.

When defendant refused to pay plaintiff a bonus at the end of fiscal year 1997, plaintiff commenced the instant action. Plaintiff's first cause of action alleged a breach of contract by defendant in refusing to pay the bonus as provided by the terms of the agreement. The second cause of action for fraud alleged that although defendant's books and records for the New York City store showed a $250,000 net profit for the 1997 fiscal year, defendant "created and delivered to him" a false and misleading statement purporting to show a $165,000 net loss for the

same period. Plaintiff requested $100,000 in compensatory damages on the breach of contract cause of action, and $100,000 in compensatory and punitive damages on the fraud cause of action.

Defendant moved to dismiss both causes of action pursuant to CPLR 3211 (a) (7). The IAS Court denied the motion in its entirety, but only the portion of the ruling relating to the fraud cause of action is challenged on this appeal. In refusing to dismiss that cause of action, the IAS Court found that the alleged fraud did not arise out of the same facts underlying the breach of contract, and that it alleged "a breach of duty that is collateral or extraneous to the parties' contract."

The fraud cause of action should have been dismissed. "A cause of action for fraud does not arise when the only fraud charged relates to a breach of contract (*see*, *Wegman v Dairylea Coop.*, 50 AD2d 108, 113, *lv dismissed* 38 NY2d 918; *Miller v Volk & Huxley*, 44 AD2d 810)." (*Tesoro Petroleum Corp. v Holborn Oil Co.*, 108 AD2d 607, *appeal dismissed* 65 NY2d 637.) To plead a viable cause of action for fraud arising out of a contractual relationship, "the plaintiff must allege a breach of duty which is collateral or extraneous to the contract between the parties (*see*, *Mastropieri v Solmar Constr. Co.*, 159 AD2d 698; *see also*, *Spellman v Columbia Manicure Mfg. Co.*, 111 AD2d 320)." (*Americana Petroleum Corp. v Northville Indus. Corp.*, 200 AD2d 646, 647.)

Plaintiff's fraud cause of action fails here because the breach of duty alleged by him, namely, the false statement of defendant's net profits, was not collateral or extraneous to the contract (*Metropolitan Transp. Auth. v Triumph Adv. Prods.*, 116 AD2d 526, 527 [fraud claim dismissed where allegations not extraneous to the contract and related only to the specifications thereof]; *see also*, *Modell's N. Y. v Noodle Kidoodle*, 242 AD2d 248, 249). On the contrary, the issue of the amount of net profits was the crux of the breach of contract claim. Moreover, with the exception of the unelaborated request for punitive damages on the fraud claim, plaintiff has not claimed any special damages proximately caused by the false representation that are not recoverable under the contract measure of damages. This is further evidence that the causes of action are duplicative (*supra*; *see also*, *Tesoro Petroleum Corp. v Holborn Oil Co.*, *supra*, at 607).

We also note the complete absence of any showing that plaintiff relied to his detriment on the defendant's alleged misrepresentation (*see*, *Wall St. Transcript Corp. v Ziff Communications Co.*, 225 AD2d 322). Concur—Rubin, J. P., Tom, Mazzarelli and Saxe, JJ.