■ Tania R. B. Dos Santos et al., Appellants, v New York City Transit Authority, Respondent. [683 NYS2d 535] —Order, Supreme Court, New York County (Robert Lippmann, J.), entered on or about December 18, 1997, which, *inter alia*, denied plaintiffs' motion to amend their pleadings, unanimously affirmed, without costs.

The motion court properly denied the motion to amend since the proposed amendment was utterly without merit (*see, Hill v Giuliani*, 249 AD2d 28; *Frost v Monter*, 202 AD2d 632; *Camelot Graphics v Ellis*, 178 AD2d 375; *see also, Sirohi v Lee*, 222 AD2d 222). Notwithstanding the passage of some four and one-half years since plaintiffs' decedent was found dead upon subway tracks, plaintiffs failed, despite their conduct of extensive discovery, to offer any evidence supportive of their proposed amendment's newly advanced factual premise for liability, namely, that the decedent met his end, not when he was hit by an oncoming train as originally alleged, but when he was propelled from between the cars of a moving train by a violent jerk in the train's motion. However, there is at this advanced juncture in the litigation no evidence that plaintiffs' decedent boarded a train, much less that he fell from a train for the reasons recently alleged. Apart from the futility of allowing the assertion of a theory of liability so patently without evidentiary basis, permitting the proposed theory's assertion so late in the litigation would be highly prejudicial to defendant since it would force defendant to conduct a renewed and refocused investigation of the events relevant to the decedent's demise long after the fact and at a time when accurate recollection of the crucial circumstances is bound to have faded. Indeed, it is precisely to avoid such prejudice that a timely notice of claim has been made a condition of maintaining a negligence action against a public corporation (*see, Moore v New York City Tr. Auth.*, 189 AD2d 862). Since that condition has not been met with respect to the claim plaintiffs would now assert, and, indeed, may no longer be met, the proposed claim's assertion is barred as a matter of law (*see, Chipurnoi v*

*Manhattan & Bronx Surface Tr. Operating Auth.*, 216 AD2d 171, 172). Concur—Sullivan, J. P., Lerner, Rubin and Tom, JJ.