■ MICHAEL RUBINBERG et al., Appellants, v CORREIA DESIGNS, LTD., et al., Respondents. [692 NYS2d 172] —In an action to recover damages for breach of contract and fraud, the plaintiffs appeal from so much of an order of the Supreme Court, Nassau County (Levitt, J.), entered March 10, 1998, as denied that branch of their motion which was for partial summary judgment and granted those branches of the defendants' cross motion which were for summary judgment dismissing the

complaint insofar as asserted against the individual defendant Linda E. Correia, and striking the demand for punitive damages.

Ordered that the order is modified, on the law, by adding a provision that, upon searching the record, the defendants are granted summary judgment dismissing the causes of action sounding in fraud; as so modified, the order is affirmed insofar as appealed from, with costs to the defendants.

The plaintiffs contend that the corporate defendant, Correia Designs, Ltd., and the individual defendant, Linda E. Correia, the president and principal of Correia Designs, Ltd., overcharged them while performing interior design services during the construction of their home. The defendants contend that, pursuant to the contract, which provided that the "Project Cost" would include "total cost or estimated cost to you of all elements of the Project designed or specified by Correia Designs, Ltd. at twenty-five percent (25%) * * * (including a reasonable allowance for overhead and profit)", they could incorporate charges for their labor into the bills for vendor services (*see, First Dev. Corp. v Delco Plainview Realty Assocs.,* 194 AD2d 711). Moreover, on their claim that they were improperly assessed sales tax, the plaintiffs failed to satisfy their burden as the moving party to establish that they were entitled to summary judgment as a matter of law. Accordingly, the court correctly denied them partial summary judgment.

With respect to the defendants' motion for summary judgment, upon searching the record, we dismiss the plaintiffs' causes of action sounding in fraud (*see, Merritt Hall Vineyards v Windy Hgts. Vineyards,* 61 NY2d 106, 110-111; *Electronic Servs. Intl. v Silvers,* 233 AD2d 361, 363). The alleged misrepresentations relating to compensation allegedly due pursuant to the contract were not sufficiently distinct from the breach of contract claim to constitute a separate cause of action sounding in fraud (*see, Krantz v Chateau Stores,* 256 AD2d 186; *Gupta Realty v Gross,* 251 AD2d 544). It is well settled that a cause of action sounding in fraud will not arise when the only fraud charged relates to a breach of contract (*see, Wegman v Dairylea Coop.,* 50 AD2d 108).

The plaintiffs' remaining contentions are without merit (*see, Rocanova v Equitable Life Assur. Socy.,* 83 NY2d 603; *Schneer v Bellantoni,* 250 AD2d 666; *Maggio v Becca Constr. Co.,* 229 AD2d 426). S. Miller, J. P., Joy, Goldstein and Schmidt, JJ., concur.