evidence. It is well settled that "a jury verdict in favor of a defendant should not be set aside unless 'the jury could not have reached the verdict on any fair interpretation of the evidence' " (*Nicastro v Park,* 113 AD2d 129, 134, quoting *Delgado v Board of Educ.,* 65 AD2d 547, *affd* 48 NY2d 643). The jury could reasonably have found from the evidence that Grippo cut in front of the defendants' vehicle, which caused the defendants to skid on the wet road into the rear of Grippo's vehicle (*see, Torrillo v Command Bus Co.,* 206 AD2d 520). Under these circumstances, it cannot be said that the jury verdict was against the weight of the evidence (*see, Carotenuto v Harran Transp. Co.,* 226 AD2d 334; *Galimberti v Carrier Indus.,* 222 AD2d 649).

The plaintiffs' remaining contentions are unpreserved for appellate review. Bracken, J. P., O'Brien, Friedmann and Goldstein, JJ., concur.

■ Aʜᴍᴇᴅ Hᴜssᴇɪɴ et al., Appellants, v Cɪᴛʏ ᴏғ Nᴇᴡ Yᴏʀᴋ et al., Respondents. (And a Third-Party Action.) [696 NYS2d 209] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Kings County (Hutcherson, J.), dated December 8, 1997, which granted the defendants' motion to dismiss the complaint and failed to decide their application for Justice Hutcherson to recuse himself. By decision and order of this Court dated January 19, 1999, the appeal was held in abeyance and the appellants were directed to file a proper appendix (*see, Hussein v City of New York,* 257 AD2d 605). The appellants have complied with that order.

Ordered that the appeal from so much of the order as failed to decide the appellants' application for Justice Hutcherson to recuse himself is dismissed (*see, Hill v Andron Constr. Corp.,* 256 AD2d 549; *Katz v Katz,* 68 AD2d 536); and it is further,

Ordered that the order is affirmed insofar as reviewed; and it is further,

Ordered that the respondents are awarded one bill of costs.

The Supreme Court properly granted the defendants' motion to dismiss the complaint on the ground that the notice of claim failed to describe the manner in which the accident occurred (*see, Frazer v New York City Hous. Auth.,* 198 AD2d 329; General Municipal Law § 50-e [2]). The plaintiffs' notice of claim and complaint, both served in 1993, and their bill of particulars dated February 17, 1994, attributed the cause of the accident to inadequate lighting, while the injured plaintiff's deposition testimony in January 1997 established that he was injured because an allegedly malfunctioning door slammed into him.

The plaintiffs' request to amend their notice of claim and the complaint almost four years after the accident was properly denied, as the defendants were unable to conduct a meaningful investigation of the merits of the plaintiffs' claim (*see, e.g., DiMenna v Long Is. Light. Co.,* 209 AD2d 373; *Moore v New York City Tr. Auth.,* 189 AD2d 862; General Municipal Law § 50-e [6]).

The plaintiffs' remaining contentions are without merit. Bracken, J. P., O'Brien, Sullivan and Goldstein, JJ., concur.

■ RICHARD IPPOLITO, Respondent, v McCORMACK, DAMIANI, LOWE & MELLON, Appellants. [696 NYS2d 203] —In an action to recover damages for legal malpractice, the defendants appeal from an order of the Supreme Court, Rockland County (Nicolai, J.), dated October 30, 1998, which denied their motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the complaint is dismissed.

The plaintiff was allegedly injured in an altercation that took place in a bar. The plaintiff retained the defendants to commence an action against the bar owner, but the defendants did not do so before the Statute of Limitations expired. The plaintiff thereupon commenced the instant action against the defendants to recover damages for legal malpractice.

To establish a cause of action to recover damages for legal malpractice, a plaintiff must prove (1) that the defendant attorney failed to exercise that degree of care, skill, and diligence commonly possessed by a member of the legal community, (2) proximate cause, (3) damages, and (4) that the plaintiff would have been successful in the underlying action had the attorney exercised due care (*see, Iannarone v Gramer,* 256 AD2d 443; *Volpe v Canfield,* 237 AD2d 282). For a defendant in a legal malpractice case to succeed on a motion for summary judgment, evidence must be presented in admissible form establishing that the plaintiff is unable to prove at least one of the these essential elements of a malpractice cause of action (*see, Ostriker v Taylor, Atkins & Ostrow,* 258 AD2d 572). Here the defendants submitted testimony from the plaintiff's examination before trial which made a prima facie showing that the plaintiff would not have been successful in an action against the bar owner, since the altercation which caused the plaintiff's injury was unforseeable on the part of the bar owner (*see, Elba v Billie's 1890 Saloon,* 227 AD2d 438). In response, the plaintiff failed to come forward with admissible evidence to create an issue of fact that the altercation was foreseeable. S. Miller, J. P., Sullivan, Friedmann and Feuerstein, JJ., concur.