■ GEORGE TSILOGIANNIS, Respondent, v 53-11 90TH STREET ASSOCIATES, INC., et al., Appellants. [739 NYS2d 633] —In an action, inter alia, to rescind a sale of real property based on fraud in the inducement, the defendants appeal from an order of the Supreme Court, Queens County (Schmidt, J.), dated May 15, 2001, which denied their motion to cancel the notice of pendency.

Ordered that the order is reversed, on the law, with costs, and the motion is granted.

Upon reviewing the allegations of the complaint (*see 5303 Realty Corp. v O & Y Equity Corp.,* 64 NY2d 313), we find that the filing of a notice of pendency in this case was improper. The only claim of the plaintiff for which "the judgment demanded would affect the title to, or the possession, use or enjoyment of, real property" (CPLR 6501) is that of fraud in the inducement to enter the contract, found in the third cause

of action of the complaint. That cause of action, however, is insufficient on its face because the alleged fraud is premised upon the breach of a duty arising under a contract. "A cause of action alleging fraud does not lie where the only fraud claim relates to a breach of contract" (*WIT Holding Corp. v Klein,* 282 AD2d 527, 528; *see Rubinberg v Correia Designs,* 262 AD2d 474; *Non-Linear Trading Co. v Braddis Assoc.,* 243 AD2d 107). The plaintiff did not plead facts or circumstances showing that the defendants breached a duty independent of the duty imposed upon them by the parties' contract, and therefore, the claim lies in breach of contract rather than fraud (*see Clark-Fitzpatrick, Inc. v Long Is. R.R. Co.,* 70 NY2d 382; *Rubinberg v Correia Designs, supra*). The plaintiffs' claim for breach of contract seeks to collect damages, not equitable relief. Feuerstein, J.P., O'Brien, Luciano and Townes, JJ., concur.