(July 28, 2003)

■ BRECO ENVIRONMENTAL CONTRACTORS, INC., Respondent-Appellant, v TOWN OF SMITHTOWN, Defendant and Third-Party Plaintiff-Appellant-Respondent, et al., Third-Party Defendant. [762 NYS2d 822] —In an action, inter alia, to recover damages for breach of contract, the defendant third-party plaintiff, Town of Smithtown, appeals, as limited by its brief, from so much of an order of the Supreme Court, Suffolk County (Catterson, J.),

entered August 26, 2002, as denied those branches of its motion which were for leave to amend its answer to assert an affirmative defense of unconscionability, and counterclaims for reformation, cardinal change, and rescission, and the plaintiff, Breco Environmental Contractors, Inc., cross-appeals from so much of the same order as granted that branch of the motion of the Town of Smithtown which was for leave to amend its answer to assert a counterclaim alleging fraud.

Ordered that the order is affirmed insofar as appealed from; and it is further,

Ordered that the order is reversed insofar as cross-appealed from, and that branch of the motion of the Town of Smithtown which was for leave to amend its answer to include a counterclaim alleging fraud is denied; and it is further,

Ordered that one bill of costs is awarded to the respondent-appellant.

Breco Environmental Contractors, Inc. (hereinafter Breco), and the Town of Smithtown entered into a contract after competitive bidding for the closure and capping of the Town's Kings Park landfill. Under the contract, Breco was required to provide and place fill (called "contour grading material" in the contract), in order to achieve certain predetermined design slopes and elevations, prior to the placement of the cap. The contract provided that Breco was to be paid based upon a fixed price for each "unit" or cubic yard of contour grading material brought to the site. The bid documents prepared by the Town's engineer, the third-party defendant R.E. Pustorino, P.C. (hereinafter Pustorino), estimated that 150,000 cubic yards of fill would be required. Breco, based upon its own investigation, estimated that 218,691 cubic yards would be needed. Ultimately, Breco allegedly delivered 265,393 cubic yards of fill. When the Town refused to pay for more than 164,834 cubic yards, Breco, inter alia, commenced this action to recover damages for breach of contract.

The Town subsequently moved for leave to amend its answer to assert the affirmative defense of unconscionability and to allege counterclaims for reformation, cardinal change, rescission, and to recover damages for fraud. The proposed fraud counterclaim alleged that Breco misrepresented on its "truck tickets" the amount of fill delivered to the site, knowing that neither the Town nor Pustorino had established a method for verifying the amounts delivered. The Town further alleged that Breco was motivated to overstate the amounts of fill delivered because it had inflated that part of its bid price which was for fill, knowing that substantially more fill would be required

than estimated in the bid specifications. The Supreme Court denied those branches of the motion which were for leave to amend the Town's answer to assert the affirmative defense of unconscionability and the counterclaims for reformation, cardinal change, and rescission, but granted that branch of the motion which was for leave to amend the answer to assert a counterclaim alleging fraud.

Motions for leave to amend pleadings are liberally granted in the absence of prejudice or surprise (see *Leszczynski v Kelly & McGlynn,* 281 AD2d 519, 520 [2001]; *Corsale v Pantry Pride Supermarket,* 197 AD2d 659, 660 [1993]). Leave will be denied where the proposed amendment is palpably insufficient as a matter of law or is totally devoid of merit (see *Tarantini v Russo Realty Corp.,* 273 AD2d 458, 459 [2000]). The Supreme Court correctly denied those branches of the Town's motion which were for leave to assert the affirmative defense of unconscionability (see *Gillman v Chase Manhattan Bank,* 73 NY2d 1, 10-12 [1988]), and counterclaims for reformation (see *Chimart Assoc. v Paul,* 66 NY2d 570, 573-574 [1986]; *Kadish Pharmacy v Blue Cross & Blue Shield of Greater N.Y.,* 114 AD2d 439 [1985]), cardinal change (see *Depot Constr. Corp. v State of New York,* 19 NY2d 109, 112-113 [1967]; *Waltech Constr. Corp. v Town of Thompson,* 237 AD2d 716, 717-718 [1997]), and rescission (see *Babylon Assoc. v County of Suffolk,* 101 AD2d 207, 215 [1984]). However, the Supreme Court erred in granting that branch of the motion which was for leave to amend the answer to assert a counterclaim alleging fraud. The Town, on notice that over 225,000 cubic yards of fill would be required, cannot have justifiably relied on any alleged misrepresentations by Breco concerning the fill requirements (see *Stuart Silver Assoc. v Baco Dev. Corp.,* 245 AD2d 96, 98-99 [1997]). Similarly, the Town could have devised a method of monitoring the quantities of fill actually delivered. Its failure to do so deprives it of justifiable reliance (see *Danann Realty Corp. v Harris,* 5 NY2d 317, 322 [1959]; *Pinney v Beckwith,* 202 AD2d 767, 768 [1994]). Moreover, the gist of the fraud counterclaim is nothing more than a claim of breach of contract, which is not independently viable (see *Clark-Fitzpatrick, Inc. v Long Is. R.R. Co.,* 70 NY2d 382, 389 [1987]; *Rubinberg v Correia Designs,* 262 AD2d 474, 475 [1999]; *Krantz v Chateau Stores of Canada,* 256 AD2d 186, 187 [1998]; cf. *Middle Country Cent. School Dist. v O'Healy Constr. Corp.,* 230 AD2d 777, 778 [1996]; *Banc of Am. Commercial Fin. Corp. v Issacharoff,* 188 Misc 2d 790, 796 [2000]).

The Town's remaining contentions are without merit. Altman, J.P., Krausman, Luciano and Crane, JJ., concur.