Silletti v Display Workshop, Inc. (2004 NY Slip Op 50600(U))

[*1]

Silletti v Display Workshop, Inc.

2004 NY Slip Op 50600(U)

Decided on March 25, 2004

Supreme Court, Kings County

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on March 25, 2004

Supreme Court, Kings County
Christine Silletti, d/b/a Clarion Display, Plaintiff,
against
Display Workshop, Inc., Defendant.
42372/01

Ariel E. Belen, J.
plaintiff Christine Silletti, doing business as Clarion Display (Silletti), moves for an order, pursuant to CPLR 1003,[FN1] adding Michael Nicholson (Nicholson) as a defendant herein "for his [alleged] personal negligence" and permitting her to accordingly amend the complaint and serve a supplemental summons and such amended complaint upon him.
This action for breach of contract and negligent manufacturing and construction stems from a dispute concerning the installation of Christmas decorations in the Green Acres Mall and Kings Plaza Shopping Center. Defendant Display Workshop, Inc. (Workshop), a New Jersey [*2]corporation with its principal place of business in Bangor, Pennsylvania, manufactures and installs customized holiday decorations (i.e., Santa sets, snow scenes, etc.) in retail malls and shopping centers. Workshop contracted in 2000 with its customer, Vornado Realty Trust, to manufacture and install Christmas decorations at the locations mentioned above and then subcontracted in 2000 with Silletti to install the decorations at those locations.
Workshop designed and manufactured the decorations at its facilities in
Bangor, Pennsylvania and then shipped them to New York for Silletti's installation. However, Silletti, in part, claims that Workshop failed to provide display units that conformed to the space provided and failed to provide agreed upon supervision. She commenced suit by filing a summons and complaint on October 23, 2001 and now, after a deposition of Workshop's President, Michael Nicholson, on November 24, 2003, seeks to add Nicholson, as a defendant together with two causes of action against him, both purportedly sounding in negligence.
Silletti contends that Nicholson negligently photographed and measured the operative site locations resulting in Workshop manufacturing erroneously sized displays for the intended space. She also contends that Nicholson either failed to supervise or improperly supervised the installation. Nicholson's deposition, Silletti explains, made her aware of his personal involvement as Workshop's employee and spurred this amendment motion.
Workshop opposes the amendment alleging that Nicholson owed Silletti no duty of care, that the statute of limitations bars the new causes of action and that prejudice would result by now allowing the amendment. More specifically, Workshop argues that the proposed additional causes of action merely seek to restate Silletti's contractual claims against it as impermissible tort claims against its employee, Nicholson. No independent tortious conduct exists, Workshop argues, only an alleged failure to perform obligations under the contract with Silletti. Silletti replies that Nicholson undertook added personal responsibilities, made promises and thus induced her performance of services. These circumstances, Silletti claims, obligated Nicholson to her separately and distinctly from Workshop's contractual obligations to pay her for services rendered. She also observes that the claims against Workshop concern failure to pay and negligent construction and manufacture, while the claims against Nicholson involve negligently supervising and setting the layout.
Discussion
Although leave to amend a pleading should be freely given absent prejudice to the opposing party (see CPLR 3025[b]; Edenwald Contr. Co. v City of New York, 60 NY2d 957, 959; Charleson v City of Long Beach, 297 AD2d 777), leave should be denied if the proposed amendment is palpably insufficient as a matter of law or is totally devoid of merit (see AYW Networks v Teleport Communications Group, 309 AD2d 724; Leszczynski v Kelly & McGlynn, 281 AD2d 519)" (Ruddock v Boland Rentals, Inc., __AD2d__, 2004 N.Y. Slip Op. 01369). Indeed, "'a court must examine the underlying merit of the proposed claims, since to do otherwise would be wasteful of judicial resources'" (Toscano v Toscano, 302 AD2d 453, 454 quoting Morgan v Prospect Park Assocs. Holdings, 251 AD2d 306).
 Here, Silletti's motion papers acknowledge that this action alleges a breach of contract and "[i]t is well established that a simple breach of contract does not give rise to an action in tort (see Clark-Fitzpatrick, Inc. v Long Is. R.R. Co., 70 NY2d 382, 389). A defendant 'may be liable in tort when it has breached a duty of reasonable care distinct from its contractual obligations' [*3](New York Univ. v Continental Ins. Co., 87 NY2d 308, 316; [other citations omitted]), but such duty must 'spring from circumstances extraneous to, and not constituting elements of, the contract' (Clark-Fitzpatrick, Inc. v Long Is. R.R. Co., 70 NY2d at 389)" (D'Ambrosio v Engel, 292 AD2d 564, 564-565).
Silletti, though, "failed to show that there was a legal duty imposed upon the defendan[t] independent of the contract itself, or that the defendan[t] engaged in tortious conduct 'separate and apart from [its] failure to fulfill [its] contractual obligation' (New York Univ. v Continental Ins. Co., 87 NY2d at 316; cf. Logan v Empire Blue Cross & Blue Shield, 275 AD2d 187, 192)" (id. at 565). The alleged failure to properly photograph and measure the site locations and then supervise the installation process constituted more a breach of Workshop's contractual obligations than a tort.
The gist and gravaman of Silletti's proposed amended complaint, in other words, concerning Workshop's alleged deficiencies in photography and supervision appears part and parcel of the contract or at least traceable and related to the contract (Gordon v Teramo & Co., Inc., 308 AD2d 432, 433; Tsilogiannis v 53-11 90th Street Associates, Inc., 293 AD2d 468, 469). Silletti's proposed causes of action essentially present a recast version of Workshop's alleged failure to properly execute its agreement, not independently viable torts (Breco Environmental Contractors v Town of Smithtown, 307 AD2d 330, 332; Probst v Cacoulidis, 295 AD2d 331, 332). The allegations of Nicholson's negligence "[are] merely a restatement, albeit in slightly different language of the 'implied' contractual obligations asserted in the cause of action for breach of contract" (cf., Deerfield Communications Corp. v Chesebrough-Ponds, Inc., 68 NY2d 954 [fraud claim held to be dressed-up version of contract cause of action])" (Clark-Fitzpatrick, Inc., 70 NY2d at 390).
The legal insufficiency of the proposed amendment moots discussion of the applicability of the statute of limitations or whether significant prejudice would result from allowing the amendment. In addition, denying leave to amend correspondingly warrants denying Nicholson's joinder as a defendant for those disapproved additional causes of action. Accordingly, it is
ORDERED that Silletti's motion for leave to amend the complaint, add Nicholson as a defendant herein and serve a supplemental summons and such amended complaint upon Nicholson is denied.
The foregoing constitutes the decision and order of this court.
Dated: March 25, 2004E N T E R,
 J. S. C.
Footnotes

Footnote 1:That provision pertinently provides that: "[p]arties may be added at any stage of the action by leave of court . . ."