■ Arnab Mukhopadhyay et al., Appellants, v Genesis Corp., Doing Business as Genesis 10, Respondent. [894 NYS2d 430]—

Order, Supreme Court, New York County (Walter B. Tolub, J.), entered October 20, 2008, which, in an action by a job seeker and his wholly-owned corporation against an employment agency for negligent and fraudulent misrepresentation, upon defendant's motion to dismiss the complaint pursuant to CPLR 3211 (a) (5), dismissed the complaint pursuant to CPLR 3211 (a) (7), unanimously affirmed, with costs.

We note that plaintiffs do not challenge the motion court's treatment of defendant's motion to dismiss on the ground of res

judicata as a motion to dismiss on the ground of failure to state a cause of action. The complaint alleges that the individual plaintiff organized the corporate plaintiff, and then quit his job and sustained various damages, because of defendant's fraudulent or negligent misrepresentation as to the existence of a job offer. Insofar as brought on behalf of the corporate plaintiff, the action was properly dismissed because of the existence of a contract between it and defendant allegedly promising particular employment (*see Clark-Fitzpatrick, Inc. v Long Is. R.R. Co.*, 70 NY2d 382, 389-390 [1987]; *Krantz v Chateau Stores of Canada*, 256 AD2d 186, 187 [1998]). With respect to the individual plaintiff, the complaint fails to state a cause of action because, while it sufficiently alleges that the alleged misrepresentation was not a casual statement and that defendant otherwise had a duty to speak with care (*see Kimmell v Schaefer*, 89 NY2d 257, 263-265 [1996]), it fails to allege facts sufficient to show that the alleged misrepresentation was incorrect at the time it was made (*see J.A.O. Acquisition Corp. v Stavitsky*, 8 NY3d 144, 148 [2007]; *Swersky v Dreyer & Traub*, 219 AD2d 321, 326 [1996]). Concur—Andrias, J.P., Catterson, Renwick, DeGrasse and Manzanet-Daniels, JJ.