■ MOVABLE HOMES, INC., Respondent-Appellant, v CITY OF NORTH TONAWANDA et al., Appellants-Respondents. (Appeal No. 1.)—Orders insofar as they deny defendants' motion unanimously reversed, motion granted and complaint dismissed and otherwise orders affirmed, with costs to defendants. Memorandum: Plaintiffs, the developer and manufacturer of modular housing, commenced these separate actions against the City of North Tonawanda, its common council, Mayor, building inspector and plumbing inspector, in their official capacities, to recover damages for the alleged wrongful refusal to issue building permits for the erection of certain modular homes within the city. Plaintiff, Movable Homes, Inc., moved for summary judgment and defendants in each action cross-moved to dismiss the complaints for failure to state a cause of action or, in the alternative, for summary judgment in their favor. These motions as well as a motion to strike as defendants members of the common council were subsequently denied. A public official may be held liable in damages for a wrongful act only where such act is ministerial in nature. Where, however, an act is discretionary or quasi-judicial in nature no liability attaches even if the act was wrongfully performed *(Rottkamp v Young,* 21 AD2d 373, 375, affd 15 NY2d 831). In ascertaining whether a specific act is either ministerial or discretionary, it is well settled that "Each case must be decided on the circumstances involved, the nature of the duty, the degree of responsibility resting on the officer, and his position in the municipality's table of organization" *(Rottkamp v Young, supra,* p 376). In view of the factual nature of this test of liability, in order to assert a valid cause of action it was incumbent upon plaintiffs to allege sufficient facts to support the conclusion that the issuance of such a permit was a ministerial act. Plaintiffs, however, have failed to make any

allegation relating to this issue either in their complaints or in their papers opposing defendants' motion. This failure is fatal to the sufficiency of their causes of action, and accordingly the complaint in each instance is dismissed. (Appeals from orders of Niagara Supreme Court—summary judgment, etc.) Present—Marsh, P. J., Moule, Cardamone, Goldman and Witmer, JJ.