■ KENNETH ZAUG et al., Respondents, v DWYER/BERRY CONSTRUCTION CORP. et al., Appellants. (And a Third-Party Action.)—In an action to recover damages for breach of contract and for fraud, the defendants appeal from an order of the Supreme Court, Putnam County (Dickinson, J.), dated March 22, 1988, which denied their motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the complaint is dismissed.

The plaintiffs purchased a lot from the defendant Dwyer/Berry Construction Corporation (hereinafter Dwyer/Berry) in November 1985. A warranty provision in the contract of sale provided as follows: "Seller warrants and represents that the parcel to be conveyed herein is a parcel conveyed from a map which has been approved by the Dutchess County Board of Health and which has been filed in the Dutchess County Clerk's Office in accordance with said approval. The premises are approved for the construction of a single family residence and according to the map that is so filed, no additional fill is required, provided the premises and septic systems are constructed in accordance therewith".

The plaintiffs also alleged that prior to and subsequent to the purchase of the lot, the defendant David Berry made certain representations to them, including the assertion that the lot had been approved by the Board of Health and that no additional fill was necessary in order to install the septic systems. In fact, the Dutchess County Department of Health stated in a letter dated August 7, 1979, that the plans for the subdivision (of which the subject lot forms a part) had been approved and that a certificate of approval had been issued.

In June 1986 the Department of Health advised the plaintiffs that inspection of the lot revealed that the soil conditions shown on the approved subdivision map did not match the actual site condition and, therefore, the approved design "may

not work and will not be acceptable". After rectifying the condition at a substantial cost and securing the appropriate approval, the plaintiffs commenced this action against Dwyer/Berry and David Berry. The first cause of action, asserted against Dwyer/Berry, sounded in breach of contract based on the warranty provision set forth above. The second cause of action, asserted against David Berry, sounded in fraud.

The defendants' motion for summary judgment dismissing the complaint was denied. We disagree.

It is clear from the warranty provision that Dwyer/Berry made no representation as to the accuracy of the filed map, and that the doctrine of caveat emptor, which is applicable in this case, should have prompted the plaintiffs to investigate. The plaintiffs, prior to closing, should have satisfied themselves as to the quality of their bargain.

Moreover, the plaintiffs cannot rely on any representations made to them by David Berry during any negotiations which resulted in the sale, since anything which was said was merged into the written instrument (see, *Wallach v Riverside Bank*, 206 NY 434; *Davis v Weg*, 104 AD2d 617). The language of the warranty provision indicates that the defendants did not intend to assume responsibility for the accuracy of the map. That being the case, it cannot be said that they, in a *volte-face* fashion, intended to assume any responsibility subsequent to closing.

We also find that the allegations of fraud in the plaintiffs' second cause of action are incidental to the cause of action alleging breach of contract. That being so, a cause of action sounding in fraud has not been made out (see, *Kotick v Desai*, 123 AD2d 744; *Spellman v Columbia Manicure Mfg. Co.*, 111 AD2d 320). Mangano, J. P., Brown, Lawrence and Eiber, JJ., concur.