■ ARTHUR GELLER et al., Appellants-Respondents, v SIDNEY ESIKOFF, Respondent-Appellant, and ESTATE OF FREDA ESIKOFF et al., Respondents.—In an action, *inter alia,* to recover damages for breach of contract, fraudulent misrepresentation, breach of fiduciary duty and economic duress and for an accounting, the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Queens County (Rosenzweig, J.), dated April 18, 1989, as granted those branches of the defendants' motion which were for summary judgment dismissing the first, third, fourth, sixth, seventh, eighth, ninth and eleventh causes of action asserted in the verified complaint, and the defendant Sidney Esikoff cross-appeals from so much of the same order as denied those branches of the defendants' motion which were for summary judgment dismissing the second and fifth causes of action.

Ordered that the order is reversed insofar as appealed and cross-appealed from, without costs or disbursements, those branches of the defendants' motion which were for summary judgment dismissing the first, third, fourth, sixth, seventh, eighth, ninth and eleventh causes of action are denied and

those branches of the defendants' motion which were for summary judgment dismissing the second and fifth causes of action are granted.

In December 1985 the plaintiffs and the defendant Sidney Esikoff entered into a joint venture agreement for the purpose of improving a certain parcel of real property in Kew Gardens, Queens. The joint venture agreement was conditioned upon the issuance of a commitment from BRT Realty Trust (hereinafter BRT) for a short-term bridge loan of $4,500,000. In reliance upon Esikoff's representation that the BRT loan would be of short duration and would be replaced promptly by a bank mortgage before the end of January 1986 the Kew Gardens Joint Venture (hereinafter KGJV) acquired a 50% interest in the property on December 23, 1985, and closed on the bridge loan from BRT. The rate of interest on the bridge loan was substantially higher than both the prime rate and the rate to be charged on the bank mortgage which Esikoff had allegedly undertaken to guarantee. Upon Esikoff's subsequent refusal to personally guarantee the bank mortgage, the bank withdrew its commitment and the plaintiffs were compelled to pay additional interest on the bridge loan.

The plaintiffs thereafter commenced the underlying action which contains 12 separate causes of action. The first six causes of action are based upon Esikoff's alleged oral undertaking to personally guarantee the refinancing of the bridge loan. Of these six causes of action, the first and fourth are grounded upon breach of contract, the second and fifth upon fraudulent misrepresentation, and the third and sixth upon breach of fiduciary duty. The seventh and eighth causes of action sound in unjust enrichment and are predicated upon a misallocation to Esikoff of the proceeds of the sale of the parent company to Mid-Queens Associates. The remaining causes of action seek an accounting, Esikoff's share of a broker's fee paid by the plaintiff Geller, recovery of the $150,000 paid to Esikoff by Mid-Queens Associates, and a declaratory judgment that the plaintiffs Geller and Pincus are entitled to a setoff against a $250,000 promissory note which was then due and payable to Esikoff by the plaintiffs.

On the defendants' motion, the court dismissed all but the second and fifth causes of action. It incorrectly held that the first, third, fourth and sixth causes of action were barred by the Statute of Frauds. Since the promise allegedly made by Esikoff to personally guarantee the bank mortgage was made to the plaintiffs rather than to the creditor bank, that promise was not one to answer for the debt of another within the

meaning of the Statute of Frauds *(see, Tighe v Morrison,* 116 NY 263; 56 NY Jur, Statute of Frauds, § 46).

Nor does the parol evidence rule preclude proof of Esikoff's promise to sign a personal guarantee. The December 1985 agreement does not contain a merger clause stating that the writing constitutes the entire agreement of the parties. The parol evidence sought to be introduced by the plaintiffs does not vary or contradict the terms of the writing but merely clarifies Esikoff's obligations to facilitate refinancing of the bridge loan.

The plaintiffs' ninth and eleventh causes of action sufficiently allege that Esikoff caused them to enter into the contract to sell the property to Mid-Queens Associates under economic duress. "Economic duress exists when a party is forced to agree to the terms of a contract by means of a wrongful threat which precludes the exercise of free will *(see, 805 Third Ave. Co. v M. W. Realty Assocs.,* 58 NY2d 447)" *(Midwood Dev. Corp. v K 12th Assocs.,* 146 AD2d 754, 755). "Under modern pleading theory, a complaint should not be dismissed on a pleading motion so long as, when the plaintiff is given the benefit of every possible favorable inference, a cause of action exists" *(Rovello v Orofino Realty Co.,* 40 NY2d 633, 634). Although the plaintiffs failed to set forth in the complaint all of the elements required to establish a cause of action to recover damages for economic duress, their affidavit in opposition to the motion to dismiss the complaint for failure to state a cause of action and for summary judgment raised unresolved issues of fact with respect to the purported economic duress *(see,* CPLR 3212).

The court erred in holding that the plaintiffs' first, third, fourth, sixth, seventh, eighth, ninth and eleventh causes of action were barred by a release included in the July 24, 1987, sales agreement by which KGJV and Esikoff sold the property to Mid-Queens Associates. The agreement in question was entered into, *inter alia,* by Geller and Esikoff as sellers, and Mid-Queens Associates as purchasers. Thus, the language of paragraph "16" of the agreement, to wit, that "GELLER and ESIKOFF jointly represent and warrant" that there are no claims pending against them, was included for the benefit of Mid-Queens Associates.

The court erred in failing to grant the defendants' motion with respect to the plaintiffs' second and fifth causes of action. "It is well recognized that a cause of action to recover damages for fraud is not made out when the only fraud charged relates [as here] to the breach of a contract. The addition of

an allegation of scienter will not transform a breach of contract action into one to recover damages for fraud *(C.B. Western Fin. Corp. v Computer Consoles,* 122 AD2d 10; *Miller v Volk & Huxley,* 44 AD2d 810)" *(Kotick v Desai,* 123 AD2d 744, 745-746; *see also, Zaug v Dwyer/Berry Constr. Corp.,* 152 AD2d 565, 566). Kunzeman, J. P., Eiber, Sullivan and Rosenblatt, JJ., concur.