■ JEFFREY D. ROUX et al., Appellants, v JANE V. MICHAELIS, Respondent.—In an action, *inter alia,* to recover damages for breach of contract, the plaintiffs appeal from an order of the Supreme Court, Nassau County (Becker, J.), entered August 13, 1990, which denied their motion for partial summary judgment and, upon searching the record, awarded summary judgment to the defendant.

Ordered that the order is affirmed, with costs.

In 1985, the plaintiffs contracted to purchase the defendant's home. The house included an 8-foot-by-13-foot structure described by the plaintiffs as a one-story addition and by the defendant as a porch. It is undisputed that the additional structure was built without a building permit and that a certificate of completion was not obtained. In 1987, subsequent to the closing of title, the Town of Hempstead issued a building violation relating to the addition's structure, foundation, and electrical system.

The plaintiffs contend that pursuant to a provision in the contract of sale, the seller is liable for the cost of bringing the additional structure within the code. We disagree. Paragraph 3 of the rider to the contract of sale provided: "Seller represents that premises may be legally occupied as a one (1) family dwelling, seller has all required certificates for improvements, if not, PURCHASER may cancel Contract and down payment will be refunded." In this case, the seller's liability with regard to the 8-foot-by-13-foot structure was extinguished upon the closing of title *(see, Davis v Weg,* 104 AD2d 617, 619).

Moreover, we reject the plaintiffs' contention that there should be a trial on their third cause of action, alleging fraud

*(see, Zaug v Dwyer/Berry Constr. Corp.,* 152 AD2d 565). Thus, the court properly directed summary judgment dismissing the entire complaint *(see,* CPLR 3212 [b]). Rosenblatt, J. P., Eiber, O'Brien and Ritter, JJ., concur.