■ Agirious Noufrios et al., Respondents, v Helen Murat, Appellant. [598 NYS2d 82] —In an action to recover damages for fraud and breach of contract, the defendant appeals from so

much of an order of the Supreme Court, Kings County (Hurowitz, J.), dated August 8, 1991, which denied her application to search the record and grant summary judgment to her.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and upon searching the record, summary judgment is granted to the defendant and the complaint is dismissed.

This action involves the sale of a residential building in Brooklyn. The plaintiffs, asserting causes of action sounding in fraud and breach of contract, allege that the defendant seller falsely represented that one of the six apartments in the building was not free of rent control laws.

The cause of action to recover damages for fraud must be dismissed. It is essentially one to recover damages for breach of contract, inasmuch as the alleged false representation was set forth in a rider to the contract of sale. Merely alleging scienter in a cause of action to recover damages for breach of contract, unless the representations alleged to be false are collateral or extraneous to the terms of the agreement, does not convert a breach of contract cause of action into one sounding in fraud *(see, McKernin v Fanny Farmer Candy Shops,* 176 AD2d 233; *Geller v Esikoff,* 165 AD2d 863). Therefore, the plaintiffs have failed to state a cause of action to recover damages for fraud. Moreover, were we to reach the issue of the alleged fraud, we would hold that the plaintiffs' reliance on the allegedly false representation was not justified in light of the information concerning the building that was disclosed to them *(see, Ruse v Intra-Boro Two-Way Radio Taxi Assocs.,* 166 AD2d 641; *Most v Monti,* 91 AD2d 606; *Clearview Concrete Prods. Corp. v S. Charles Gherardi, Inc.,* 88 AD2d 461).

Further, the cause of action to recover damages for breach of contract must fail. Here, title to the property has closed and the deed was delivered. Therefore, any claims the plaintiffs might have had arising from the contract of sale were extinguished by the doctrine of merger unless there was a "clear intent evidenced by the parties that a particular provision [of the contract of sale] shall survive the delivery of the deed" *(Davis v Weg,* 104 AD2d 617, 619; *see also, Sherman Partners Assocs. v 272 Sherman Assocs.,* 160 AD2d 992; *Snyder v Potter,* 134 AD2d 664). Here, the plaintiffs do not allege such an intent and it is not evident from either the contract itself or any of the moving papers. Therefore, the plaintiffs have failed to state a cause of action to recover damages for breach

of contract, and the complaint is dismissed. Rosenblatt, J. P., Miller, Eiber and Pizzuto, JJ., concur.