■ SHARON S. STEINBERGER, Plaintiff, v CHAIM T. STEINBERGER, Defendant and Third-Party Plaintiff-Respondent-Appellant. MARTON B. GROSSMAN, Third-Party Defendant-Appellant-Respondent. [676 NYS2d 210] —In an action for a divorce and ancillary relief, (1) the third-party defendant appeals from so much of an order of the Supreme Court, Kings County (Rigler, J.), dated June 5, 1997, as denied that branch of his motion which was to dismiss the fourth cause of action asserted in the third-party complaint pursuant to CPLR 3211 (a) for failure to state a cause of action, and (2) the third-party plaintiff cross-appeals from so much of the same order as granted those branches of the motion of the third-party defendant which were to dismiss the first, second, third, fifth, sixth, seventh, and eighth causes of action asserted in the third-party complaint pursuant to CPLR 3211 (a) for failure to state a cause of action.

Ordered that the cross appeal from so much of the order as dismissed the second cause of action asserted in the third-party complaint is dismissed as withdrawn, without costs or disbursements; and it is further,

Ordered that the order is modified by (1) deleting the provision thereof which granted that branch of the third-party defendant's motion which was to dismiss the first cause of action and substituting therefor a provision denying that branch of the motion, and (2) deleting the provision thereof which denied that branch of the third-party defendant's motion which was to dismiss the fourth cause of action and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed insofar as reviewed, without costs or disbursements.

In this action for a divorce and ancillary relief, the defendant husband commenced a third-party action against his father-in-law. The first cause of action asserted in the third-party complaint sought a judgment declaring that the father-in-law was primarily liable for the payment of a certain mortgage obligation on the parties' marital residence, which had been built and paid for by him. The third-party complaint also sought, *inter alia,* to recover damages for the father-in-law's alleged unjust enrichment in receiving the proceeds of the aforementioned mortgage. Upon the father-in-law's motion to dismiss the third-party complaint, the Supreme Court, *inter alia,* dismissed the first cause of action for failure to comply with the Statute of Frauds. We disagree.

Since the promise allegedly made by the third-party defendant to be primarily liable on the mortgage obligation was made to the third-party plaintiff rather than to the creditor bank, it was not a promise to answer for the debt of another within the meaning of the Statute of Frauds, and is not barred by any alleged failure to comply therewith (*see, Geller v Esikoff,* 165 AD2d 863; *see also, Tighe v Morrison,* 116 NY 263). Accordingly, the first cause of action is reinstated.

The fourth cause of action, however, seeking to impose a constructive trust upon certain money held by the father-in-law should have been dismissed. Even assuming that all the allegations in the third-party complaint are true (*see, Morone v Morone,* 50 NY2d 481), it fails to demonstrate that the third-party defendant was unjustly enriched, and therefore fails to state a cause of action for the imposition of a constructive trust (*see, Simonds v Simonds,* 45 NY2d 233; *Doria v Masucci,* 230 AD2d 764).

The parties' remaining contentions are without merit. Thompson, J. P., Santucci, Friedmann and Florio, JJ., concur.