■ Vito Del Ponte et al., Respondents, v 1910-12 Ave. U. Realty Corp. et al., Appellants, et al., Defendants. [775 NYS2d 905]—

In an action, inter alia, to recover damages for breach of contract, the defendants 1910-12 Ave. U. Realty Corp., Albert T. Kanterman, and Helene Korbin, also known as Helen Kulczyckie appeal from an order of the Supreme Court, Kings County (Harkavy, J.), dated March 12, 2003, which denied their motion pursuant to CPLR 3211 to dismiss the complaint insofar as asserted against them and to impose a sanction on the plaintiffs pursuant to 22 NYCRR 130-1.1.

Ordered that the order is modified, on the law, by deleting the provision thereof denying that branch of the motion which was to dismiss the complaint insofar as asserted against the appellants and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed, without costs or disbursements, the complaint is dismissed insofar as asserted against the appellants, and the action against the remaining defendants is severed.

This action involves the sale of two buildings in Brooklyn by the appellants to the plaintiffs. The plaintiffs, asserting causes of action sounding in fraud and breach of contract, alleged that the appellants falsely represented that an apartment in one of the buildings was not subject to rent control laws.

The cause of action to recover damages for fraud should have been dismissed. In actuality it is a cause of action to recover damages for breach of contract, inasmuch as the alleged falsity was set forth in the contract of sale. "Merely alleging scienter in a cause of action to recover damages for breach of contract, unless the representations alleged to be false are collateral or extraneous to the terms of the agreement, does not convert a breach of contract cause of action into one sounding in fraud" (Noufrios v Murat, 193 AD2d 791, 792 [1993]; see McKernin v

*Fanny Farmer Candy Shops,* 176 AD2d 233 [1991]; *Geller v Esikoff,* 165 AD2d 863 [1990]).

Moreover, any cause of action to recover damages for breach of contract also fails, since it is time-barred by the one-year statute of limitations contained in the contract (*see Kassner & Co. v City of New York,* 46 NY2d 544, 551 [1979]; *Krohn v Felix Indus.,* 226 AD2d 506 [1996]).

The appellants' request for the imposition of sanctions was properly denied, as the conduct complained of was not frivolous within the meaning of 22 NYCRR 130.1-1.

The appellant's remaining contentions have been rendered academic in light of our determination. Prudenti, P.J., Ritter, H. Miller and Adams, JJ., concur.