■ LAKEHILL ASSOCIATES, INC., Respondent, v 6077 JERICHO TURNPIKE REALTY CORP. et al., Appellants, et al., Defendant. [795 NYS2d 281]—

In an action, inter alia, to recover damages for breach of contract, the defendants 6077 Jericho Turnpike Realty Corp., and 6077 Jericho Turnpike LLC appeal from an order of the Supreme Court, Nassau County (Covello, J.), entered August 18, 2004, which granted the plaintiff's motion to dismiss their counterclaims pursuant to CPLR 3211 (a) (7).

Ordered that the order is modified, on the law, by deleting the provision thereof granting those branches of the motion which were to dismiss the third and fourth counterclaims and substituting therefor a provision denying those branches of the

motion; as so modified, the order is affirmed, without costs or disbursements.

The defendant 6077 Jericho Turnpike Realty Corp. (hereinafter Realty I) was a tenant of the plaintiff. The lease prohibited assignment without the plaintiff's prior written consent. The lease also specified that "[a]ny sale or transfer of corporate stock by the tenant shall be considered an 'assignment' under this lease." The plaintiff and Realty I amended and extended the lease on June 5, 2002, in consideration, inter alia, for higher rent and a security deposit. The amendment explicitly deleted a clause from the original lease which gave Realty I the option of paying the plaintiff $20,000 in exchange for the right to assign the lease. The amendment did not, however, delete the provision requiring the plaintiff's prior written consent to an assignment.

On April 14, 2003, 6077 Jericho Turnpike LLC (hereinafter LLC), was formed. Realty I was dissolved on June 30, 2003, and the lease was transferred to LLC on the representation that LLC was the sole shareholder of Realty I. The plaintiff protested and declared a default. The tenant purported to cure the default by incorporating a new 6077 Jericho Turnpike Realty Corp. (hereinafter Realty II) and transferring the lease to it from LLC.

In its amended complaint the plaintiff alleged that there were three defaults: (1) the transfer of stock in Realty I to LLC, (2) the assignment of the lease from Realty I to LLC, and (3) the reassignment of the lease from LLC to Realty II, all without the written consent of the plaintiff. In an amended answer, Realty I, LLC, and Realty II raised four counterclaims. These counterclaims relied on the lease amendment dispensing with any payments in connection with assignments and on the plaintiff's request for $25,000 plus an attorney's fee to forgive the defaults. Realty I, LLC, and Realty II (hereinafter the defendants) alleged that the plaintiff violated New York General Business Law § 349 by engaging in deceptive trade practices, committed fraud, and engaged in misrepresentation, and breached an implied covenant of good faith and fair dealing when it asserted that the lease was in default. The defendants claimed that they were entitled to a declaration that the lease may be assigned without the written consent of the plaintiff and that Realty I did not breach the lease or, alternatively, that any breach was de minimis, that the plaintiff breached an implied covenant of good faith and fair dealing, and deeming such violation of the lease as a de minimis default. The plaintiff moved to dismiss the counterclaims for insufficiency. The Supreme Court granted the plaintiff's motion.

The first counterclaim did not state a cause of action to recover damages for deceptive trade practices in violation of General Business Law § 349 (*see Stutman v Chemical Bank,* 95 NY2d 24, 29 [2000]; *Gaidon v Guardian Life Ins. Co. of Am.,* 94 NY2d 330, 344 [1999]). The defendants failed to allege any conduct attributable to the plaintiff that had a potential impact on consumers at large (*see Oswego Laborers' Local 214 Pension Fund v Marine Midland Bank,* 85 NY2d 20, 25 [1995]; *Teller v Bill Hayes, Ltd.,* 213 AD2d 141, 145 [1995]).

The second counterclaim alleging fraud was insufficient because it merely related to a breach of contract (*see New York Univ. v Continental Ins. Co.,* 87 NY2d 308, 316 [1995]; *Bellevue S. Assoc. v HRH Constr. Corp.,* 78 NY2d 282, 293-295 [1991]; *Banc of Am. Commercial Fin. Corp. v Issacharoff,* 188 Misc 2d 790, 795 [2000]; cf. *Sommer v Federal Signal Corp.,* 79 NY2d 540, 552 [1992]).

However, to the extent that the third and fourth counterclaims were predicated on allegations that the dissolution of Realty I, and the transfers of Realty I shares of stock and the assignments of the lease without the plaintiff's consent were mere technical violations of the lease and were insufficient to be deemed a valid default, such claims should not have been summarily dismissed.

On a motion to dismiss, the allegations of the cause of action must be deemed true and given every fair inference (*see Arnav Indus. Retirement Trust v Brown, Raysman, Millstein, Felder & Steiner,* 96 NY2d 300, 303 [2001]). In opposing the plaintiff's motion to dismiss its counterclaims, the defendants asserted that two of the acts which the plaintiff claims constituted defaults were done in an effort to cure the first deemed default within the time limits of the lease and were an attempt by the defendants to restore the status quo. In support of that allegation, admissible proof was submitted in an effort to show that Realty I and Realty II were de facto alter egos of one another and that no discernible prejudice to the plaintiff could have occurred as a result of the defendants' transaction. That assertion was not contested by the plaintiff. Accordingly, the defendants stated valid counterclaims seeking a declaration that the alleged defaults were de minimis, and the third and fourth counterclaims must therefore be reinstated. S. Miller, J.P., Goldstein, Crane and Lifson, JJ., concur.