■ KA FOON LO, Respondent, v GEORGE CURIS et al., Appellants. [815 NYS2d 131]—

In an action, inter alia, to recover damages for fraud and breach of contract, the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Lewis, J.), as denied their motion to dismiss the complaint pursuant to CPLR 3211 (a) (1) and (7).

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the motion is granted, and the complaint is dismissed.

This action involves the sale of an apartment building by the appellants to the plaintiff. The plaintiff, asserting, inter alia, causes of action to recover damages for fraud and breach of contract, alleged that the appellants falsely represented the monthly rent they were entitled to receive for two of the apartments and that one of the two apartments was not subject to rent control laws.

The cause of action to recover damages for fraud should have been dismissed. In actuality it is a cause of action to recover damages for breach of contract, inasmuch as the alleged falsity was a provision of the contract of sale. " 'Merely alleging scienter in a cause of action to recover damages for breach of contract, unless the representations alleged to be false are collateral or extraneous to the terms of the agreement, does not convert a breach of contract cause of action into one sounding in fraud' " (*Del Ponte v 1910-12 Ave. U. Realty Corp.*, 7 AD3d 562, 562 [2004], quoting *Noufrios v Murat*, 193 AD2d 791, 792 [1993]; *see Lakehill Assoc., Inc. v 6077 Jericho Turnpike Realty Corp.*, 18 AD3d 506, 508 [2005]; *Cerabono v Price*, 7 AD3d 479, 480 [2004]; *Breco Envtl. Contrs. v Town of Smithtown*, 307 AD2d 330, 332 [2003]; *cf. Banc of Am. Commercial Fin. Corp. v Issacharoff*, 188 Misc 2d 790, 794-796 [2000]).

The plaintiff also failed to state a cause of action to recover damages for breach of contract. Because title to the property had closed and the deed was delivered, "any claims the plaintiff might have had arising from the contract of sale were extinguished by the doctrine of merger unless there was a 'clear intent evidenced by the parties that a particular provision of the contract of sale [would] survive the delivery of the deed' " (*Crowley Mar. Assoc. v Nyconn Assoc.*, 292 AD2d 334, 335 [2002], quoting *Davis v Weg*, 104 AD2d 617, 619 [1984]; *see Noufrios v Murat, supra at* 791). Paragraph 30 of the contract rider provided that the allegedly false representations made in the contract were simply conditions to the plaintiff's obligation to close title. Therefore, the parties' did not intend that the provision relied upon by the plaintiff would survive the closing. Indeed, paragraph 21 of the rider overruled any contrary provision in the body of the contract specifying such survival.

Since the remaining causes of action are based upon the fraud and breach of contract causes of action, those causes of action also should have been dismissed. Crane, J.P., Krausman, Luciano and Rivera, JJ., concur.