■ James Sentlowitz et al., Respondents, v Cardinal Development, LLC, et al., Appellants, et al., Defendant. [882 NYS2d 267]—

In an action, inter alia, to recover damages for fraud, breach of contract, and breach of fiduciary duty, the defendants Cardinal Development, LLC, and Brian Brooker, and the defendant Planning Board of Village of Airmont, New York, separately appeal, as limited by their respective briefs, from so much of an order of the Supreme Court, Rockland County (Berliner, J.), dated May 1, 2008, as denied their separate motions to dismiss the complaint pursuant to CPLR 3211 (a) (7) insofar as asserted against each of them, and granted the plaintiffs' cross motion for leave to serve an amended complaint.

Ordered that the order is modified, on the law, (1) by deleting the provision thereof denying those branches of the motion of the defendants Cardinal Development, LLC, and Brian Brooker which were to the dismiss the second, third, fourth, fifth, and sixth causes of action insofar as asserted against them, and

substituting therefor a provision granting those branches of the motion, (2) by deleting the provision thereof denying the motion of the defendant Planning Board of Village of Airmont, New York, to dismiss the complaint insofar as asserted against it and substituting therefor a provision granting that motion, and (3) by deleting the provision thereof granting, in its entirety, the plaintiffs' cross motion for leave to serve an amended complaint, and substituting therefor a provision granting the cross motion only to the extent of permitting the plaintiffs to serve an amended complaint asserting a cause of action alleging fraudulent concealment against the defendants Cardinal Development, LLC, and Brian Brooker, and otherwise denying the cross motion; as so modified, the order is affirmed insofar as appealed from, with costs to the defendant Planning Board of Village of Airmont, New York, payable by the plaintiffs.

This action involves the sale of real property to the plaintiffs by the defendant Cardinal Development, LLC. The plaintiffs, asserting causes of action to recover damages for fraudulent concealment, breach of contract, breach of the implied covenant of good faith and fair dealing, breach of fiduciary duty, constructive fraud, and violation of General Business Law § 349, allege that the appellants concealed the fact that the subject property contained land designated as wetlands by the United States Army Corps of Engineers.

The Supreme Court properly determined that the amended complaint stated a cognizable cause of action to recover damages for fraudulent concealment against the defendants Cardinal Development, LLC (hereinafter Cardinal), and Brian Brooker (*see Rozen v 7 Calf Cr., LLC*, 52 AD3d 590, 592-593 [2008]). However, the remaining causes of action insofar as asserted against those defendants should have been dismissed for failure to state a cause of action. The plaintiffs failed to state causes of action to recover damages for breach of contract and breach of the implied covenant of good faith and fair dealing. Since title to the property had closed and the deed was delivered, the plaintiffs' claims arising from the contract of sale were extinguished by the doctrine of merger (*see Ka Foon Lo v Curis*, 29 AD3d 525 [2006]). The causes of action to recover damages for breach of fiduciary duty and constructive fraud should have been dismissed because the plaintiffs failed to allege facts to demonstrate that a fiduciary relationship existed between Cardinal and Brooker, on the one hand, and the plaintiffs, on the other (*see AHA Sales, Inc. v Creative Bath Prods., Inc.*, 58 AD3d 6, 21 [2008]). The cause of action to recover damages for violation of General Business Law § 349 should have been

dismissed since the amended complaint failed to allege that the conduct of Cardinal and Brooker had a broad impact on consumers at large (*see New York Univ. v Continental Ins. Co.*, 87 NY2d 308, 320 [1995]).

The motion of the defendant Planning Board of Village of Airmont, New York (hereinafter the Planning Board), to dismiss the complaint insofar as asserted against it should have been granted in its entirety. Under the circumstances of this case, to avoid the application of the defense of governmental immunity, it was incumbent upon the plaintiffs to allege facts sufficient to support the conclusion that the government actions complained of were ministerial acts, or that a special relationship existed between the them and the Planning Board (*see Pelaez v Seide*, 2 NY3d 186, 198-199 [2004]; *Kadymir v New York City Tr. Auth.*, 55 AD3d 549 [2008]; *Movable Homes v City of N. Tonawanda*, 56 AD2d 718 [1977]). They failed to do so.

The parties' remaining contentions either need not be reached in light of our determination or are without merit. Mastro, J.P., Fisher, Eng and Hall, JJ., concur.