■ MICHAEL MARCANTONIO et al., Appellants, v MICHAEL PICOZZI, III, et al., Respondents. [893 NYS2d 623]—

In an action, inter alia, to recover damages for fraud, the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Nassau County (Woodard, J.), dated September 3, 2008, as granted the motion of the defendants Michael Picozzi III, and Viola, Benedetti, Azzolini & Morano, LLC, pursuant to CPLR 3211 (a) (7) to dismiss the complaint insofar as asserted against them, as, in effect, denied, as academic, that branch of their cross motion which was to compel the defendants Michael Picozzi III, and Viola, Benedetti, Azzolini & Morano, LLC, to answer interrogatories and as, in effect, denied that branch of their cross motion which was to compel the defendants Project Real Estate, Inc., and John McHugh to answer interrogatories.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs.

Affording the complaint a liberal construction, accepting all facts as alleged in the complaint to be true, and according the plaintiffs the benefit of every favorable inference as required on

a motion to dismiss pursuant to CPLR 3211 (a) (7), the complaint fails to state a cause of action against the defendants Michael Picozzi III, and Viola, Benedetti, Azzolini & Morano, LLC (hereinafter the law firm) (*see Leon v Martinez*, 84 NY2d 83, 87-88 [1994]; *Reichenbaum v Cilmi*, 64 AD3d 693, 694 [2009]). "In order to recover damages for fraud, the fraud alleged cannot relate to a breach of contract" (*Kaufman v Torkan*, 51 AD3d 977, 980 [2008]), and the plaintiff must allege a legal duty independent of the contract itself (*see Heffez v L & G Gen. Constr., Inc.*, 56 AD3d 526 [2008]; *Ka Foon Lo v Curis*, 29 AD3d 525, 526 [2006]; *Sforza v Health Ins. Plan of Greater N.Y.*, 210 AD2d 214 [1994]).

Here, the plaintiffs allege that an attorney in the law firm, acting as escrowee in a real estate transaction between the plaintiffs and Picozzi, misrepresented in the contract of sale that he had received Picozzi's down payment when, in fact, the down payment was not deposited into the law firm's trust account until a later date. The transaction was subsequently closed and the deed delivered. Inasmuch as the alleged falsity was a provision of the contract of sale, the plaintiffs' cause of action to recover damages for fraud is actually a cause of action to recover damages for breach of contract (*see Ka Foon Lo v Curis*, 29 AD3d at 526; *RR Chester, LLC v Arlington Bldg. Corp.*, 22 AD3d 652, 654 [2005]; *Sforza v Health Ins. Plan of Greater N.Y.*, 210 AD2d at 214-215). Since title to the property has closed and the deed delivered, the plaintiffs' claims arising from the contract of sale have been extinguished by the doctrine of merger (*see Sentlowitz v Cardinal Dev., LLC*, 63 AD3d 1137, 1138 [2009]; *Ka Foon Lo v Curis*, 29 AD3d at 526).

Accordingly, the Supreme Court properly dismissed the complaint insofar as asserted against Picozzi and the law firm, thus rendering academic that branch of the plaintiffs' cross motion which was to compel those defendants to answer interrogatories. As to the defendants Project Real Estate, Inc., and John McHugh, their response to interrogatories was properly stayed pending determination of their motion for summary judgment (*see* CPLR 3214 [b]).

The plaintiffs' remaining contentions are without merit. Skelos, J.P., Dickerson, Eng and Sgroi, JJ., concur. **[Prior Case History: 2008 NY Slip Op 32482(U).]**