U.S. BANK NATIONAL ASSOCIATION, Respondent, v LISA ANN PIA et al., Defendants/Third-Party Plaintiffs-Appellants. GLM MORTGAGE COMPANY et al., Third-Party Defendants-Respondents. [901 NYS2d 104]—

In an action to foreclose a mortgage, the defendants/third-party plaintiffs appeal from so much of an order of the Supreme Court, Putnam County (O'Rourke, J.), dated May 15, 2009, as denied their cross motion for summary judgment dismissing the complaint, for summary judgment on the issue of liability on their counterclaims for relief pursuant to the Federal Truth-in-

Lending Act (15 USC § 1601 *et seq.*), and for summary judgment on the issue of liability on the fifth cause of action asserted in the third-party complaint.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff commenced this foreclosure action alleging that it was the holder of a note that was secured by a mortgage on the appellants' property in Carmel, New York. The complaint alleged that the appellants defaulted on their payment obligations.

In their amended verified answer and third-party complaint, the appellants asserted an affirmative defense alleging that the plaintiff lacked standing to commence this action because it was not the holder of the note and mortgage when the action was commenced. The appellants also asserted an affirmative defense and counterclaim based on the ground that they were entitled to rescind the loan agreement pursuant to the Federal Truth-in-Lending Act (15 USC § 1601 *et seq.*, hereinafter TILA). They asserted a separate counterclaim to recover actual and statutory damages for violations of TILA. Finally, the appellants asserted five causes of action against the third-party defendants (hereinafter the mortgage brokers), alleging in their fifth cause of action that the mortgage brokers had violated General Business Law § 349.

The plaintiff moved for summary judgment and for the appointment of a referee. The appellants opposed the motion and cross-moved for summary judgment dismissing the complaint, for summary judgment on the issue of liability on their counterclaims, and for summary judgment on the issue of liability on the fifth cause of action asserted in the third-party complaint. The Supreme Court, inter alia, denied the appellants' cross motion in its entirety. The appellants appeal, and we affirm the order insofar as appealed from.

Contrary to the appellants' contention, they failed to establish, prima facie, that the plaintiff lacked standing to commence this action inasmuch as there are issues of fact as to whether the plaintiff had standing by virtue of "physical delivery of the note prior to the commencement of the foreclosure action" (*U.S. Bank, N.A. v Collymore*, 68 AD3d 752, 754 [2009]; *see Curtis v Moore*, 152 NY 159, 162 [1897]; *LaSalle Bank Natl. Assn. v Ahearn*, 59 AD3d 911, 912 [2009]; *Flyer v Sullivan*, 284 App Div 697, 699 [1954]).

Moreover, to the extent that the appellants seek to recover actual and statutory damages under TILA for deficient disclosures, they failed to demonstrate, prima facie, that the alleged

violations were "apparent on the face of the disclosure statement" (15 USC § 1641 [e] [1] [A]). The appellants also failed to establish, prima facie, that they were entitled to rescind the loan transaction pursuant to TILA (see *First Trust Natl. Assn. v Chiang*, 242 AD2d 599, 600 [1997]; *April M's Enters. v Scott*, 178 AD2d 572, 572 [1991]; see also 15 USC § 1635 [a], [f]; 12 CFR 226.23 [a] [3]; *WM Specialty Mtge., LLC v Sparano*, 68 AD3d 987, 987 [2009]).

Furthermore, the appellants did not establish their entitlement to summary judgment on the fifth cause of action asserted in the third-party complaint alleging violations of General Business Law § 349. In this regard they failed to demonstrate, prima facie, that the allegedly deceptive acts were "likely to mislead a reasonable consumer acting reasonably under the circumstances" (*Oswego Laborers' Local 214 Pension Fund v Marine Midland Bank*, 85 NY2d 20, 26 [1995]; see *Gaidon v Guardian Life Ins. Co. of Am.*, 94 NY2d 330, 344 [1999]; *Karlin v IVF Am.*, 93 NY2d 282, 294 [1999]; see also *Anesthesia Assoc. of Mount Kisco, LLP v Northern Westchester Hosp. Ctr.*, 59 AD3d 473, 480 [2009]). They also failed to establish, prima facie, that the mortgage brokers' allegedly deceptive "acts or practices [had] a broad impact on consumers at large" (*New York Univ. v Continental Ins. Co.*, 87 NY2d 308, 320 [1995]; accord *Biancone v Bossi*, 24 AD3d 582, 583 [2005]; *Lakehill Assoc., Inc. v 6077 Jericho Turnpike Realty Corp.*, 18 AD3d 506, 508 [2005]; *Lynch v McQueen*, 309 AD2d 790, 792 [2003]; *Teller v Bill Hayes, Ltd.*, 213 AD2d 141, 145 [1995]; *United Knitwear Co. v North Sea Ins. Co.*, 203 AD2d 358, 359 [1994]; cf. *Gaidon v Guardian Life Ins. Co. of Am.*, 94 NY2d at 344; *Oswego Laborers' Local 214 Pension Fund v Marine Midland Bank*, 85 NY2d at 25; *Wilner v Allstate Ins. Co.*, 71 AD3d 155, 164 [2010]).

The appellants' remaining contentions either are without merit or need not be addressed in light of the foregoing determination. Mastro, J.P., Dickerson, Belen and Chambers, JJ., concur.