■ PAUL BIBBO, Appellant, v 31-30, LLC, et al., Respondents. [963 NYS2d 303]—

In an action, inter alia, to recover damages for breach of contract, breach of covenant in deed, slander of title, and fraud, and pursuant to RPAPL article 15 to determine claims to real property, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Nassau County (Marks, J.), entered September 21, 2011, as granted those branches of the defendants' motion which were pursuant to CPLR 3211 (a) to dismiss the first, third, fourth, fifth, and sixth causes of action.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff entered into a contract of sale with the defendant 31-30, LLC (hereinafter the LLC), to purchase a parcel of residential property with an existing two-family dwelling. The property was one of two lots that would be created once the LLC subdivided its larger parcel. Under the terms of the contract, the LLC would construct a building on the adjoining lot. Thereafter, the LLC recorded a zoning lot declaration setting forth the allocation of available floor area for the single

zoning lot under the City of New York's zoning resolution between the two subdivided lots. The plaintiff's lot was limited to the floor area in the existing two-family dwelling, and the remaining available floor area was allocated to the adjoining lot for a proposed six-story residential building. The closing and delivery of a deed with a covenant against grantor's acts took place more than a year after the zoning lot declaration was recorded.

Nearly three years after closing, the plaintiff commenced this action against the LLC and its principal, George Elliot, alleging that the LLC improperly conveyed the proportional share of development rights in his property to the adjoining property. The plaintiff asserted, inter alia, causes of action to recover damages for breach of contract, breach of covenant in deed, slander of title, and fraud, and to determine claims to real property pursuant to RPAPL article 15. The defendants moved, inter alia, pursuant to CPLR 3211 (a) (1) and (7) to dismiss the complaint. The Supreme Court granted the motion.

"On a motion to dismiss the complaint pursuant to CPLR 3211 (a) (7) for failure to state a cause of action, the court must afford the pleading a liberal construction, accept all facts as alleged in the pleading to be true, accord the plaintiff the benefit of every possible inference, and determine only whether the facts as alleged fit within any cognizable legal theory" (*Breytman v Olinville Realty, LLC*, 54 AD3d 703, 703-704 [2008]; *see Sokoloff v Harriman Estates Dev. Corp.*, 96 NY2d 409, 414 [2001]). On a motion to dismiss pursuant to CPLR 3211 (a) (1) "on the ground that the action is barred by documentary evidence, such motion may be appropriately granted only where the documentary evidence utterly refutes plaintiff's factual allegations, conclusively establishing a defense as a matter of law" (*Goshen v Mutual Life Ins. Co. of N.Y.*, 98 NY2d 314, 326 [2002]; *see Leon v Martinez*, 84 NY2d 83, 88 [1994]).

Since title to the property had closed and the deed was delivered, "any claims the plaintiff might have had arising from the contract of sale were extinguished by the doctrine of merger unless there was a clear intent evidenced by the parties that a particular provision of the contract of sale [would] survive the delivery of the deed" (*Ka Foon Lo v Curis*, 29 AD3d 525, 526 [2006] [internal quotation marks omitted]; *see Novelty Crystal Corp. v PSA Institutional Partners, L.P.*, 49 AD3d 113, 115 [2008]; *Davis v Weg*, 104 AD2d 617, 619 [1984]). However, since the contract provision upon which the plaintiff relies in asserting his breach of contract cause of action expressly states that it survives the closing, the doctrine of merger does not apply.

The contract provision at issue provides that "[e]ach party shall, at any time and from time to time, execute, acknowledge where appropriate and deliver such further instruments and documents and take such other action as may be reasonably requested by the other in order to carry out the intent and purpose of this contract." Construing the contract in accordance with its terms (*see Vermont Teddy Bear Co. v 538 Madison Realty Co.*, 1 NY3d 470, 475 [2004]), contrary to the plaintiff's contention, "the intent and purpose" of the contract did not include the conveyance of the property together with a proportional share of the development rights in the subdivided single zoning lot. The terms of the contract express the parties' understanding that the subject property would result from the subdivision of the larger parcel, and the property was being conveyed subject to zoning regulations and a zoning lot declaration governing the property and the newly constructed building on the adjoining lot. Given this understanding and the absence of any indication in the contract that the parties intended to reserve any development rights in the plaintiff's property, the LLC did not thwart the "intent and purpose" of the contract by allocating all remaining available floor area to the adjoining lot for construction of the proposed building. The plaintiff's interpretation of the contract requires reading an implied term into the document that the parties neglected to include, something a court "should be extremely reluctant" to do, especially in this arms-length real property transaction (*id.* at 475 [internal quotation marks omitted]).

Accordingly, since the "intent and purpose" of the contract did not include conveyance of any development rights together with the property, the LLC cannot be required to execute an instrument or take any other action to convey such rights to the plaintiff under the surviving provision, and that branch of the defendants' motion which was to dismiss the breach of contract cause of action pursuant to CPLR 3211 (a) (1) was properly granted. For the same reasons, the cause of action pursuant to RPAPL article 15 to determine claims to real property also was subject to dismissal.

The Supreme Court properly determined that the cause of action alleging breach of deed covenant, premised on an alleged breach of the covenant against grantor's acts, was subject to dismissal pursuant to CPLR 3211 (a) (1). Under the circumstances presented, the documentary evidence established that the LLC's allocation of floor area to the adjoining property did not violate the covenant against the grantor's acts (*see* Real Property Law § 253 [6]).

Moreover, the Supreme Court properly granted that branch of the defendants' motion which was to dismiss the slander of title cause of action, since the documentary evidence demonstrates that the plaintiff received the title he contracted for, and he further failed to allege special damages with sufficient particularity (*see Collision Plan Unlimited v Bankers Trust Co.*, 63 NY2d 827, 831 [1984]; *Drug Research Corp. v Curtis Publ. Co.*, 7 NY2d 435, 440-441 [1960]; *Epifani v Johnson*, 65 AD3d 224, 233 [2009]; *L.W.C. Agency v St. Paul Fire & Mar. Ins. Co.*, 125 AD2d 371, 373 [1986]).

In addition, the Supreme Court properly granted that branch of the defendants' motion which was to dismiss the fraud cause of action pursuant to CPLR 3211 (a) (7). "No cause of action to recover damages for fraud will arise when the only fraud alleged relates to a breach of contract" (*Bella Maple Group, Inc. v Attias*, 78 AD3d 1092, 1093 [2010]; *see New York Univ. v Continental Ins. Co.*, 87 NY2d 308, 318-319 [1995]; *Stangel v Zhi Dan Chen*, 74 AD3d 1050, 1052 [2010]; *Marcantonio v Picozzi*, 70 AD3d 655, 656 [2010]; *Ka Foon Lo v Curis*, 29 AD3d 525, 526 [2006]). Mastro, J.P., Rivera, Chambers and Miller, JJ., concur.