In an action, inter alia, to recover damages for breach of contract, conversion, and libel, the defendant Nicole Corrado appeals, as limited by her brief, from so much of an order of the Supreme Court, Suffolk County (Fitts, J.), dated April 17, 2012, as denied that branch of her cross motion which was for summary judgment on her counterclaims to recover sums previously paid by her to the plaintiffs and for an award of sanctions, and those branches of her renewed cross motion which were, in effect, for summary judgment dismissing, insofar as asserted against her, the first and second causes of action in the amended complaint, which were to recover damages for libel.
*578 Ordered that the order is affirmed insofar as appealed from, with costs.
The plaintiffs were contractors who performed renovation and repair work at a flood-damaged residence owned by the defendant Nicole Corrado in Westhampton Beach. The plaintiffs commenced this action against Corrado, among others, alleging, inter alia, that Corrado breached a contract by failing to compensate the plaintiffs for certain work that they performed. Corrado moved for summary judgment dismissing the complaint insofar as asserted against her, arguing, among other things, that since the plaintiffs were unlicensed home improvement contractors, they could not recover damages from her under any alleged contract or quasi-contractual theory. She also argued that the allegedly libelous statements were either protected opinions or true statements of fact.
In an order dated September 28, 2011, the Supreme Court denied, with leave to renew upon completion of discovery, those branches of Corrado’s motion which were for summary judgment dismissing the two causes of action alleging libel insofar as asserted against her. After completion of discovery, Corrado made a cross motion denominated as one pursuant to CPLR 3211 (a) to dismiss the causes of action alleging libel insofar as asserted against her, as well as for summary judgment on her counterclaims seeking reimbursement of money she had already paid to the plaintiffs and for an award of sanctions. In an order dated April 17, 2012, the Supreme Court, among other things, denied those branches of Corrado’s cross motion which were for summary judgment on her counterclaims and for an award of sanctions, deemed those branches of Corrado’s cross motion denominated as being pursuant to CPLR 3211 (a) to be a renewed cross motion for summary judgment dismissing the libel causes of action insofar as asserted against her, and thereupon denied her cross motion, concluding, among other things, that discovery had not yielded any new facts that would change its prior determination.
The Supreme Court properly deemed those branches of Corrado’s cross motion which were denominated as being pursuant to CPLR 3211 (a) to dismiss the two libel causes of action to be branches of a renewed cross motion, in effect, for summary judgment dismissing those causes of action insofar as asserted against her. Since the court correctly determined that discovery had not yielded any new facts that would change its prior determination, it properly denied those branches of the cross motion. The Supreme Court also properly denied that branch of Corrado’s cross motion which was, in effect, for summary judgment *579 on her counterclaim seeking to recover the sum of $33,000 that she allegedly had paid to the plaintiffs. The Supreme Court correctly determined that, under the circumstances of this case, that branch of Corrado’s cross motion that was addressed to her counterclaim was violative of the rule against filing successive motions for summary judgment (see Soto v City of New York, 37 AD3d 589 [2007]; Capuano v Platzner Intl. Group, 5 AD3d 620, 621 [2004]).
Moreover, since Corrado failed to establish her entitlement to an award of sanctions, the Supreme Court properly denied that branch of her cross motion as well (see Del Ponte v 1910-12 Ave. U. Realty Corp., 7 AD3d 562 [2004]). Dillon, J.E, Chambers, Roman and Cohen, JJ., concur.