■ First Development Corporation, Appellant, v Delco Plainview Realty Associates et al., Respondents. [600 NYS2d 105] —In an action to recover a real estate broker's commission, the plaintiff appeals from an order of the Supreme Court, Nassau County (Roberto, J.), dated May 21, 1991, which denied its motion for summary judgment on its second cause of action against the defendant Delco Development Company of Hicksville, and, upon searching the record, awarded the defendant Delco Development Company of Hicksville summary judgment dismissing the complaint insofar as it is asserted against it.

Ordered that the order is modified, on the law, by deleting the provision thereof awarding the defendant Delco Development Company of Hicksville summary judgment, and substituting therefor a provision denying Delco Development Company of Hicksville summary judgment; as so modified, the order is affirmed, without costs or disbursements.

The plaintiff contends that the Supreme Court erred in awarding summary judgment to Delco Development Company of Hicksville (hereinafter Delco/Hicksville), upon the ground that a written agreement required the plaintiff to seek payment of its brokerage commission solely from the codefendant

Delco Plainview Realty Associates. We agree. Although it is settled law that "when parties set down their agreement in a clear, complete document, their writing should as a rule be enforced according to its terms" *(W.W.W. Assocs. v Gianconti-eri,* 77 NY2d 157, 162; *Mercury Bay Boating Club v San Diego Yacht Club,* 76 NY2d 256, 269-270), where a written agreement is ambiguous, extrinsic and parol evidence may be considered to determine its purpose and intent *(see, W.W.W. Assocs. v Giancontieri, supra; Van Wagner Adv. Corp. v S & M Enters.,* 67 NY2d 186, 191; *Paroff v Muss,* 171 AD2d 782).* Whether or not a writing is ambiguous is a question of law to be resolved by the courts *(see, Van Wagner Adv. Corp. v S & M Enters., supra,* at 191).

Contrary to Delco/Hicksville's contention, the subject agreement does not clearly and unambiguously require the plaintiff to "look solely" to the codefendant Delco Plainview Realty Associates for payment of its commission, or indicate which of the two partnership entities was to pay the plaintiff for its efforts in procuring a tenant for Delco/Hicksville's property. Since the agreement is ambiguous, the affidavit of the plaintiff's vice president was sufficient to raise a triable issue of fact as to whether the codefendant was merely a guarantor or was the sole obligor. Thompson, J. P., Bracken, Balletta and Eiber, JJ., concur.