◼ U.S. No. 1 LAFFEY REAL ESTATE, Respondent, v JOHN HANNA et al., Appellants. [627 NYS2d 54] —In an action to recover a real estate commission, the defendants separately appeal from a judgment of the Supreme Court, Nassau County (Segal, J.), entered July 1, 1993, which, after a nonjury trial, is in favor of the plaintiff and against them in the principal sum of $33,600.

Ordered that the judgment is reversed, on the facts, with one bill of costs to the appellants appearing separately and filing separate briefs, and the complaint is dismissed.

On July 14, 1987, the parties entered into an exclusive agency agreement by which the defendants employed the plaintiff to sell their home. In August 1987, the defendants

accepted an offer of $560,000 that had been made in June 1987 by buyers who had been brought to them by the defendants' previous broker. The plaintiff commenced this action to recover its commission pursuant to the parties' exclusive agency agreement.

Generally, pursuant to an exclusive agency agreement, if the owner finds his own buyer, then no commission is due the broker. However, if another broker finds a buyer, then a commission is due the broker who was given the exclusive agency (see, Century 21 A.L.P. Realty v Doller, 170 AD2d 941).

The defendants contend that the plaintiff knew of the $560,000 offer that predated the exclusive agency agreement and that the plaintiff exempted this offer from the agreement. The plaintiff contends that it did not know of the $560,000 offer until August 1987.

On an appeal from a judgment entered after a nonjury trial, this Court's scope of review is as broad as that of the trial court (see, Chiaro v Chiaro, 213 AD2d 369, citing Majauskas v Majauskas, 61 NY2d 481; Northern Westchester Professional Park Assocs. v Town of Bedford, 60 NY2d 492). While the findings of a court without a jury are not lightly set aside, this Court's inquiry is not limited to whether the findings are supported by some credible evidence if a different finding is not unreasonable (see, Stempel v Rosen, 140 AD2d 326).

A review of the parties' agreement reveals an ambiguity in the requirements for the payment of the commission. Therefore, the testimony of the witnesses that were adduced at trial must be considered (see, Saxon Capital Corp. v Wilvin Assocs., 195 AD2d 429, 430; First Dev. Corp. v Delco Plainview Realty Assocs., 194 AD2d 711, 712). In reviewing the testimony of the witnesses, we find that the defendants' contentions that the plaintiff knew of the $560,000 offer that predated the parties' agreement and that the plaintiff exempted the offer from the agreement are supported by the weight of the credible evidence. Balletta, J. P., O'Brien, Thompson and Altman, JJ., concur.