■ WE'RE ASSOCIATES COMPANY, Appellant, v RODIN SPORTS-WEAR LTD., Respondent. [734 NYS2d 104] —In an action for a judgment declaring that the plaintiff timely exercised its op-

tion to terminate a lease, the plaintiff appeals from a judgment of the Supreme Court, Nassau County (Jonas, J.), dated March 26, 2001, which, after a nonjury trial, declared that the plaintiff did not validly terminate the lease, and dismissed the complaint.

Ordered that the judgment is reversed, on the law and the facts, with costs, and it is declared that the appellant timely exercised its option to terminate the lease.

"On an appeal from a judgment rendered after a nonjury trial, this Court's standard of review is not limited to whether the trial court's verdict is against the weight of the evidence. This Court may 'review * * * the record as a whole and * * * grant the judgment warranted'" (*Ancewicz v Western Suffolk BOCES*, 282 AD2d 632, quoting *Matter of Hall v Barnes*, 225 AD2d 837, 839). Our scope of review is as broad as that of the trial court (*see, Lozada v State of New York*, 267 AD2d 215; *U.S. No. 1 Laffey Real Estate v Hanna*, 215 AD2d 552).

Upon a review of the record, we find that the evidence supports the conclusion that the appellant landlord met its burden of proof. Pursuant to Paragraphs 34 and 49 of the commercial lease between the appellant and the respondent tenant, the appellant had the right to terminate the lease before the end of its term provided that the appellant sent a notice of termination by certified mail on or before March 31, 2000. The evidence overwhelmingly established that the appellant sent the notice of termination by certified mail on March 15, 2000. Indeed, the appellant was assisted in sustaining its burden by a preponderance of the credible evidence by a presumption of mailing (*see, Nassau Ins. Co. v Murray*, 46 NY2d 828; *Bossuk v Steinberg*, 58 NY2d 916, 919 [no need to produce who did actual mailing]; *Spangenberg v Chaloupka*, 229 AD2d 482, 483 [office procedure followed in the regular course of business not shown to have been violated, and thus sufficed to establish mailing]; *cf., Rhulen Agency v Gramercy Brokerage*, 106 AD2d 725). Accordingly, it is declared that the appellant timely exercised its option to terminate the lease. Krausman, J. P., S. Miller, Smith and Crane, JJ., concur.