■ PERICLES C. GARDIANOS, Appellant, v CALPINE CORPORA-
TION et al., Respondents. [791 NYS2d 628]—

In an action, inter alia, to rescind an option contract for the
sale of real estate and to recover damages for negligent misrep-
resentation, the plaintiff appeals (1), as limited by his brief,
from so much of an order of the Supreme Court, Orange County
(Slobod, J.), dated February 19, 2003, as granted that branch of
the defendants' motion pursuant to CPLR 3211 (a) (7) which
was to dismiss the second cause of action to recover damages
for negligent misrepresentation, (2) from an order of the same
court dated August 12, 2003, which, upon converting the
remainder of the defendants' motion pursuant to CPLR 3211
(c) to one for summary judgment, granted the motion for sum-
mary judgment dismissing the remaining causes of action, and
(3) from an order of the same court dated December 4, 2003,
which granted the defendants' motion to direct specific perfor-
mance of the option contract.

Ordered that the order dated February 19, 2003, is affirmed
insofar as appealed from; and it is further,

Ordered that the orders dated August 12, 2003, and December
4, 2003, are affirmed; and it is further,

Ordered that one bill of costs is awarded to the respondents.

The plaintiff commenced this action to rescind an option
agreement for the sale of real property, alleging false represen-
tation, negligent misrepresentation, mutual mistake, and unjust
enrichment based on the defendants' alleged misrepresentation
of its reason for entering into the agreement.

The Supreme Court properly granted that branch of the
defendants' motion which was to dismiss the cause of action to
recover damages for negligent misrepresentation where there
was no evidence of a special relationship between the parties
(see Goldman v Strough Real Estate, 2 AD3d 677 [2003]; WIT
Holding Corp. v Klein, 282 AD2d 527 [2001]; Houlihan/
Lawrence, Inc. v Duval, 228 AD2d 560 [1996]; Pappas v Harrow
Stores, 140 AD2d 501, 504 [1988]; Kimmell v Schaefer, 89 NY2d
257, 263 [1996]; Wiener v Lazard Freres & Co., 241 AD2d 114
[1998]).

With respect to the causes of action alleging false representa-
tion, mutual mistake, and unjust enrichment, the defendants
demonstrated their entitlement to judgment as a matter of law,
thereby shifting the burden to the plaintiff to submit admissible

evidence raising a triable issue of fact (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851 [1985]). In opposition to the defendants' motion, the plaintiff failed to raise a triable issue of fact (*see Fiorilla v County of Putnam*, 1 AD3d 475 [2003]; *Micciche v Homes by Timbers*, 1 AD3d 326 [2003]).

The plaintiff's remaining contentions are without merit. H. Miller, J.P., Adams, Goldstein and Spolzino, JJ., concur.