■ SAM R. LENO et al., Appellants, v JOHN DEPASQUALE, Respondent. [794 NYS2d 662]—

In an action, inter alia, to recover damages for fraud in the inducement of a contract for the sale of real property, the plaintiffs appeal, as limited by their brief, from so much of a judgment of the Supreme Court, Nassau County (Franco, J.), entered February 19, 2004, as, upon a decision of the same court dated November 10, 2003, made after a nonjury trial, is in favor of the defendant and against them, dismissing the complaint.

Ordered that the judgment is affirmed insofar as appealed from, with costs.

The plaintiffs purchased a home from the defendant. They commenced this action, inter alia, to recover damages for fraud in the inducement of a contract for the sale of real property after renovations performed on the home revealed that moisture trapped inside the siding had caused the home's support structure to become water-logged and rotted, ultimately necessitating the demolition of the home. The plaintiffs alleged that the defendant was aware of the condition but concealed it from them in order to induce the sale. After a nonjury trial, the court found in favor of the defendant and dismissed the complaint. We affirm the judgment insofar as appealed from.

To prevail on a cause of action alleging fraud, a plaintiff must prove "(1) that the defendant made material representations that were false, (2) that the defendant knew the representations were false and made them with the intent to deceive the plaintiff, (3) that the plaintiff justifiably relied on the defendant's representations, and (4) that the plaintiff was injured as a result of the defendant's representations" (*Giurdanella v Giurdanella*, 226 AD2d 342 [1996]). These elements must be proven by clear and convincing evidence (*see Gaidon v Guardian Life Ins. Co. of Am.*, 94 NY2d 330, 349-350 [1999]; *Simcuski v Saeli*, 44 NY2d 442, 452 [1978]). Here, it cannot be said that the Supreme Court's determination that the defendant was unaware of the water condition at issue, a determination which rested in large measure on issues concerning the credibility of the witnesses, could not have been reached under any fair interpretation of the evidence (*see Thoreson v Penthouse Intl.*, 80 NY2d 490, 495 [1992]; *We're Assoc. Co. v Rodin Sportswear*, 288 AD2d 465, 466 [2001]; *U.S. No. 1 Laffey Real Estate v Hanna*, 215 AD2d 552 [1995]). Thus, the complaint was properly dismissed. Cozier, J.P., Ritter, Krausman and Skelos, JJ., concur.