ANTHONY MASTROIANNI, Appellant, v STATE OF NEW YORK, Respondent. [827 NYS2d 247]—

In a claim to recover damages for personal injuries, the claimant appeals from (1) a decision of the Court of Claims (Marin, J.), dated August 3, 2005, and (2) a judgment of the same court dated September 6, 2005, which, after a nonjury trial, and upon the decision, is in favor of the defendant and against him dismissing the claim.

Ordered that the appeal from the decision is dismissed, as no

appeal lies from a decision (*see Schicchi v J.A. Green Constr. Corp.,* 100 AD2d 509 [1984]); and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that one bill of costs is awarded to the respondent.

In reviewing a judgment entered after a nonjury trial, this Court "may render the judgment it finds warranted by the facts, taking into account in a close case 'the fact that the trial judge had the advantage of seeing the witnesses' " (*Northern Westchester Professional Park Assoc. v Town of Bedford,* 60 NY2d 492, 499 [1983], quoting *York Mtge. Corp. v Clotar Constr. Corp.,* 254 NY 128, 133-134 [1930]). "If the credible evidence in the record indicates that a different finding from that of the trial court is not unreasonable, this Court must weigh the relative probative force of conflicting testimony as well as conflicting inferences which may be drawn therefrom" (*Matter of Fasano v State of New York,* 113 AD2d 885, 888 [1985]; *see We're Assoc. Co. v Rodin Sportswear,* 288 AD2d 465 [2001]; *U.S. No. 1 Laffey Real Estate v Hanna,* 215 AD2d 552 [1995]).

The Court of Claims correctly determined that the proof adduced at trial failed to establish that the defendant had constructive notice of the alleged defect upon which the claimant fell. "To constitute constructive notice, a defect must be visible and apparent and it must exist for a sufficient length of time prior to the accident to permit the defendant's employees to discover and remedy it" (*Gordon v American Museum of Natural History,* 67 NY2d 836, 837 [1986]; *see Perlongo v Park City 3 & 4 Apts., Inc.,* 31 AD3d 409, 410 [2006]). Here, assuming that the testimony and photographic evidence adduced by the claimant was sufficient to establish the existence of a defect, that evidence failed to support the speculative assertion of the claimant's expert that the alleged defect existed for a sufficient length of time before the accident for the defendant's personnel to have observed and corrected it. Accordingly, we discern no basis for disturbing the judgment appealed from.

In view of the foregoing, we need not consider the claimant's remaining contentions. Santucci, J.P., Krausman, Mastro and Rivera, JJ., concur.