■ CAME REALTY, LLC, Respondent-Appellant, v CANADIAN IMPERIAL BANK OF COMMERCE, Appellant-Respondent. [827 NYS2d 662]—

In an action, inter alia, to recover damages for breach of contract, the defendant appeals from a judgment of the Supreme Court, Rockland County (Nelson, J.), dated June 14, 2005, which, after a nonjury trial on the issue of damages, and upon a decision of the same court dated June 7, 2005, is in favor of the plaintiff and against it in the principal sum of $420,000, and the plaintiff cross-appeals from (1) the decision, and (2) so much of the judgment as awarded it the principal sum of only $420,000.

Ordered that the cross appeal from the decision dated June 7, 2005 is dismissed, without costs or disbursements, on the ground that no appeal lies from a decision (*see Schicchi v J.A. Green Constr. Corp.,* 100 AD2d 509 [1984]); and it is further,

Ordered that the judgment is affirmed, without costs or disbursements.

Upon review of the findings of fact rendered after a nonjury trial, "[i]f the credible evidence in the record indicates that a different finding from that of the trial court is not unreasonable, this Court must weigh the relative probative force of conflicting testimony as well as conflicting inferences which may be drawn therefrom," and then "render the judgment it finds warranted by the facts, taking into account that in a close case, the Trial Judge has the advantage of viewing the witnesses" (*Matter of Fasano v State of New York,* 113 AD2d 885, 888 [1985]; *see We're Assoc. Co. v Rodin Sportswear,* 288 AD2d

465 [2001]; *U.S. No. 1 Laffey Real Estate v Hanna,* 215 AD2d 552 [1995]). We find no reason to disturb the trial court's valuation of the subject property, which fell within the range of the competing appraisals (*see Rockland Dev. Assoc. v State of New York,* 15 AD3d 381 [2005]; *Matter of 495 Cent. Ave. Corp. v Town of Greenburgh,* 237 AD2d 606 [1997]).

The parties' remaining contentions are without merit. Schmidt, J.P., Santucci, Lifson and Covello, JJ., concur.