■ LUNAL REALTY, LLC, et al., Appellants, v DiSANTO REALTY, LLC, et al., Respondents. [930 NYS2d 619]—

On August 9, 2004, the plaintiff Zef Balaj entered into a contract to purchase a building located in Scarsdale (hereinafter the property), containing both residential apartments and commercial space, owned by the defendant DiSanto Realty, LLC (hereinafter DRL). The defendant Michael A. DiSanto (hereinafter Michael A.), the son of the principal of DRL, Michael DiSanto, acted as the attorney for DRL during this transaction.

Paragraph 29 of the rider to the contract of sale stated "[s]eller represents that the rent roll attached hereto is the current rent roll on the premises." In a second rider to the contract of sale, paragraph two provided, in part, that the seller was to provide a list of the residential rents currently being collected and represented that these rents were "not in excess of the rents authorized to be collected by Rent Stabilization or subject to Rent Control, and [we]re the maximum legal rents permitted to be collected for said apartments." Paragraph three, subsection (a), of the second rider, stated that the seller represented to

the purchaser, inter alia, that "[t]he information concerning residential leases and tenancies . . . set forth in Exhibit A of the contract attached hereto is accurate as of the date hereof." In addition, the second rider, at paragraph five, specified that, "[u]pon request, seller shall furnish purchaser with authorization necessary to . . . verify rent rolls."

Prior to the closing of title, Balaj assigned his interest in the contract to the plaintiff Lunal Realty, LLC (hereinafter Lunal), of which Balaj was "a managing member." Title to the property passed from DRL to Lunal on August 20, 2004.

Subsequent to the closing of title, two residential tenant complaints asserting rent overcharges dating back to 2003, before Lunal acquired title to the property, were filed with the State Division of Housing and Community Renewal (hereinafter DHCR) against Lunal. DHCR issued orders directing Lunal to repay those tenants for rent overcharges totaling $57,525.99. DHCR further ordered that the maximum legal monthly rents going forward for those apartments would be significantly less than that which DRL and Lunal thereafter had been charging.

The plaintiffs commenced this action against DRL and Michael A. to recover damages for breach of contract, fraud, and negligent misrepresentation. The plaintiffs alleged that during the discussions and negotiations concerning the purchase of the property, Balaj and Lunal's real estate attorney repeatedly requested and received affirmative representations and assurances from Michael A. that the rents charged to the property's residential tenants were set at the legal maximum amount, which he knew to be false. They further asserted that these misrepresentations were made to deceive Lunal's predecessor-in-interest, which reasonably relied on them, into entering into the contract to purchase the property.

The plaintiffs moved for summary judgment on the complaint, and the defendants cross-moved for summary judgment dismissing the complaint. The Supreme Court denied the plaintiffs' motion and granted the defendants' cross motion. The plaintiffs appeal.

The Supreme Court properly concluded that the defendants demonstrated their prima facie entitlement to judgment as a matter of law dismissing the first cause of action to recover damages for breach of contract. Since title to the property had closed and the deed was delivered, "any claims the plaintiff[s] might have had arising from the contract of sale were extinguished by the doctrine of merger" since there was no "clear intent evidenced by the parties that a particular provision of the contract of sale [would] survive the delivery of the deed"

(*Ka Foon Lo v Curis*, 29 AD3d 525, 526 [2006] [internal quotation marks omitted]; *see Crowley Mar. Assoc. v Nyconn Assoc.*, 292 AD2d 334, 335 [2002]; *Noufrios v Murat*, 193 AD2d 791, 792 [1993]; *Davis v Weg*, 104 AD2d 617, 619 [1984]). The contract representation at issue was integral to the sale of the property and was not an undertaking collateral to the main purpose of the transaction (*see Novelty Crystal Corp. v PSA Institutional Partners, L.P.*, 49 AD3d 113, 116 [2008]; *Noufrios v Murat*, 193 AD2d at 792). The plaintiffs failed to raise a triable issue of fact to the contrary.

The Supreme Court also properly determined that the defendants established their entitlement to judgment as a matter of law dismissing the third cause of action to recover damages for negligent misrepresentation. "A claim for negligent misrepresentation requires the plaintiff[s] to demonstrate (1) the existence of a special or privity-like relationship imposing a duty on the defendant[s] to impart correct information to the plaintiff[s]; (2) that the information was incorrect; and (3) reasonable reliance on the information" (*J.A.O. Acquisition Corp. v Stavitsky*, 8 NY3d 144, 148 [2007]). Here, the defendants demonstrated that there was no fiduciary or special relationship between Michael A. and the plaintiffs in this arm's length transaction (*see Hayes v Baker*, 232 AD2d 371, 372 [1996]; *Chambers v Executive Mtge. Corp.*, 229 AD2d 416, 417 [1996]; *Pappas v Harrow Stores*, 140 AD2d 501 [1988]; *see also Gardianos v Calpine Corp.*, 16 AD3d 456 [2005]; *Atkins Nutritionals v Ernst & Young*, 301 AD2d 547, 548 [2003]; *WIT Holding Corp. v Klein*, 282 AD2d 527, 529 [2001]; *compare Smith v Ameriquest Mtge. Co.*, 60 AD3d 1037, 1040 [2009]). Moreover, the defendants established that any misrepresentation by Michael A. was not extraneous or collateral to the contract (*see Clark-Fitzpatrick, Inc. v Long Is. R.R. Co.*, 70 NY2d 382, 389-390 [1987]; *Heffez v L & G Gen. Constr., Inc.*, 56 AD3d 526 [2008]; *Jorbel v Kopko*, 31 AD3d 611, 612 [2006]). In opposition, the plaintiffs failed to raise a triable issue of fact.

The Supreme Court improperly granted that branch of the defendants' cross motion which was for summary judgment dismissing the second cause of action. While the Supreme Court properly determined that the defendants established their entitlement to judgment as a matter of law dismissing the fraud cause of action, it incorrectly concluded that the plaintiffs failed to raise a triable issue of fact.

The elements of a cause of action seeking to recover damages for fraud are " 'a representation of material fact, the falsity of that representation, knowledge by the party who made the rep-

resentation that it was false when made, justifiable reliance by the plaintiff, and resulting injury' " (*Centro Empresarial Cempresa S.A. v América Móvil, S.A.B. de C.V.*, 17 NY3d 269, 276 [2011], quoting *Global Mins. & Metals Corp. v Holme*, 35 AD3d 93, 98 [2006]; *see also Leno v DePasquale*, 18 AD3d 514 [2005]). Traditionally, the term "justifiable reliance" has been held to apply to facts represented which are "matters [not] peculiarly within the party's knowledge, and the other party has the means available to [it] of knowing, by the exercise of ordinary intelligence, the truth or the real quality of the subject of the representation, [it] must make use of those means, or [it] will not be heard to complain that [it] was induced to enter into the transaction by misrepresentation[ ]" (*Schumaker v Mather*, 133 NY 590, 596 [1892]; *see also Danann Realty Corp. v Harris*, 5 NY2d 317, 322 [1959]). However, where: "a plaintiff has taken reasonable steps to protect itself against deception, it should not be denied recovery merely because hindsight suggests that it might have been possible to detect the fraud when it occurred. In particular, where a plaintiff has gone to the trouble to insist on a written representation that certain facts are true, it will often be justified in accepting that representation rather than making its own inquiry" (*DDJ Mgt., LLC v Rhone Group L.L.C.*, 15 NY3d 147, 154 [2010]).

Here, in the two riders to the contract of sale, the plaintiffs received negotiated assurances as to the accuracy of the rent roll at the time of the contract. The plaintiffs submitted proof that these figures were determined by DHCR to be in excess of the maximum legal rate contrary to the representations made in the contract.

While the contract of sale did permit the plaintiffs to obtain authorization to conduct a departmental search to verify rent rolls, the affidavits of Balaj, Lina Balaj, an employee of Lunal, and the attorney who handled the closing for Lunal asserted that Michael A. repeatedly made false representations assuring Lunal as to the accuracy of the rents and delivered copies of the rent roll to the plaintiffs prior to the parties' execution of the contract of sale. The plaintiffs contended that the determination to buy the property was based upon "its analysis of the value of the building in relation to the income that the residential rents that [Michael A.] represented could be collected as purportedly confirmed by the rent roll delivered by [Michael A.]." The representations about the legality of the rents and the rent roll were then incorporated into the riders to the contract of sale providing the basis for the second cause of action. Moreover, the plaintiffs raised a triable issue of fact with respect to

whether Michael A. held himself out to the plaintiffs as a principal of DRL during negotiations.

In addition, Michael A., in his own affirmation in support of the defendants' cross motion, while acknowledging that he represented DRL in the sale of the property, simply stated that he "made no such *written* representations to the plaintiffs concerning the rents" (emphasis added). Furthermore, DRL's principal and owner, the father of Michael A., acknowledged in his affidavit in support of the cross motion that he made such assertions as to the rents being charged at the time that the contract was signed and that this information "may have ultimately been incorrect." However, the affidavit of DRL's principal and owner did not state that he alone made statements to the plaintiffs with respect to the rent roll or that Michael A. did not also make such false statements with respect to the maximum allowable rent.

The determination of whether a party's reliance is reasonable is "always nettlesome because it is so fact-intensive" (*DDJ Mgt., LLC v Rhone Group L.L.C.*, 15 NY3d at 155, quoting *Schlaifer Nance & Co. v Estate of Warhol*, 119 F3d 91, 98 [1997]). Therefore, "[i]f plaintiffs can prove the allegations in the complaint, whether they were justified in relying on the warranties they received is a question to be resolved by the trier of fact" (*DDJ Mgt., LLC v Rhone Group L.L.C.*, 15 NY3d at 156). Accordingly, the Supreme Court erred in granting that branch of the cross motion which was for summary judgment dismissing the second cause of action.

The plaintiffs' remaining contentions either are without merit or have been rendered academic in light of our determination. Mastro, J.P., Chambers, Austin and Cohen, JJ., concur.