■ Frank Cervera, Appellant, v Rossanna Bressler, Respondent. [6 NYS3d 278]—

In an action for a divorce and ancillary relief, the plaintiff appeals from an order of the Supreme Court, Westchester County (Colangelo, J.), dated December 12, 2012, which, after a hearing, denied his motion, inter alia, to vacate certain portions of the parties' so-ordered stipulation dated July 19, 2004.

Ordered that the order is affirmed, with costs.

The plaintiff moved, inter alia, to vacate certain portions of a so-ordered stipulation between the parties (hereinafter the stipulation), dated July 19, 2004. In the subject portions of the stipulation, the plaintiff waived his right to seek an attorney's fee and reapportionment of fees and costs of the court forensic evaluator and the attorney for the child incurred until the date of the stipulation, in connection with a custody dispute be-

tween the parties beginning in 2002. The plaintiff contended that those portions of the stipulation should be vacated based on new evidence discovered during a separate hearing regarding the parties' finances. According to the plaintiff, there was evidence that the defendant had misrepresented her finances in 2004. The plaintiff alleged that he had relied upon the misrepresentations in entering into the stipulation and agreeing to waive his rights. Specifically, the plaintiff maintained that he had relied on the defendant's statement of net worth (hereinafter the statement) submitted in May of 2004, in which, among other things, she stated that she and her husband had a gross joint annual income of $141,794.31. Bank statements and tax returns disclosed during the hearing on the parties' relative finances revealed that the joint annual income of the defendant and her husband was approximately $306,000.

Attached to the statement were two documents: a 2004 "compensation report" from the employer of the defendant's husband showing the husband's gross earnings for one month, and a paystub showing the defendant's gross annual income. Together, the attachments reflected a joint annual income of approximately $306,000.

The plaintiff testified that the compensation report and paystub were not attached to the statement in 2004 and were not available to him prior to the stipulation. The defendant testified that they were. The hearing court believed the defendant and not the plaintiff. "Since the court had the opportunity to view the demeanor of the witnesses at the hearing, it was in the best position to gauge their credibility" (*Lieberman v Lieberman*, 21 AD3d 1004, 1005 [2005]). There is no basis in the record to overturn the court's credibility determination (*see Chusid v Silvera*, 110 AD3d 659 [2013]; *Gass v Gass*, 42 AD3d 393 [2007]; *Ahrens v Chisena*, 40 AD3d 787, 788 [2007]; *Lattingtown Harbor Prop. Owners Assn., Inc. v Agostino*, 34 AD3d 536, 538 [2006]).

As the party seeking to set aside the stipulation, the plaintiff had the burden of showing that the stipulation was the result of fraud (*see Sweeney v Sweeney*, 71 AD3d 989, 992 [2010]; *Rubin v Rubin*, 33 AD3d 983, 985 [2006]). "A cause of action alleging fraud requires a plaintiff to establish a misrepresentation or omission of material fact which the defendant knew was false, that the misrepresentation was made to induce the plaintiff's reliance, the plaintiff's justifiable reliance on the misrepresentation or material omission, and a resulting injury" (*Hense v Baxter*, 79 AD3d 814, 816 [2010]; *see Lama Holding Co. v Smith Barney*, 88 NY2d 413, 421 [1996]; *Jablonski v Rapalje*, 14 AD3d 484, 487 [2005]).

In light of the attachments provided with the stipulation, the plaintiff failed to establish the element of justifiable reliance. Where the plaintiff " 'has the means available to him of knowing, by the exercise of ordinary intelligence, the truth or the real quality of the subject of the representation, he must make use of those means, or he will not be heard to complain that he was induced to enter into the transaction by misrepresentations' " (*DDJ Mgt., LLC v Rhone Group L.L.C.*, 15 NY3d 147, 154 [2010], quoting *Schumaker v Mather*, 133 NY 590, 596 [1892]; *see Danann Realty Corp. v Harris*, 5 NY2d 317, 322 [1959]; *Lunal Realty, LLC v DiSanto Realty, LLC*, 88 AD3d 661, 664 [2011]). As stated by the hearing court, the attachments to the statement, "at the very least, could have, and indeed should have, prompted [the plaintiff] 'through the exercise of ordinary intelligence' (*Stuart Silver Assoc. v Baco Dev. Corp.*, 245 AD2d 96, 98-99 [(1997)]) to independently question and investigate the items in the body of the statement that appeared to be at odds with the Attachment[s]. The fact that [the plaintiff] nonetheless chose to proceed and enter into the stipulation while armed with this information undermines any claim of justifiable reliance and dooms his motion to dismissal" (*see DDJ Mgt., LLC v Rhone Group L.L.C.*, 15 NY3d at 154; *Lunal Realty, LLC v DiSanto Realty, LLC*, 88 AD3d at 664). In addition, the evidence adduced at the hearing failed to demonstrate that the defendant intended to misrepresent her net worth.

The plaintiff's remaining contentions are without merit. Skelos, J.P., Leventhal, Hinds-Radix and Maltese, JJ., concur.