Union Ave Estates, LLC v Garsan Realty Inc. (2019 NY Slip Op 01827)





Union Ave Estates, LLC v Garsan Realty Inc.


2019 NY Slip Op 01827


Decided on March 14, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 14, 2019

Acosta, P.J., Manzanet-Daniels, Kapnick, Kahn, Oing, JJ.


8693 25848/15E

[*1]Union Ave Estates, LLC, Plaintiff-Respondent,
v
Garsan Realty Inc., et al., Defendants-Appellants.


Joseph A. Altman, P.C., Bronx (Joseph A. Altman of counsel), for appellants.
Law Offices of Geoffrey S. Hersko, P.C., Cedarhurst (Geoffrey S. Hersko of counsel), for respondent.



Order, Supreme Court, Bronx County (Lizbeth Gonzalez, J.), entered February 23, 2018, which denied defendants' motion for summary judgment dismissing the complaint, unanimously affirmed, with costs.
The disclaimer provisions in the contract of sale and the rider are not sufficiently specific to preclude the claim that defendants fraudulently induced plaintiff to purchase the property by misrepresenting the status of the commercial tenants' leases (see Basis Yield Alpha Fund [Master] v Goldman Sachs Group, Inc., 115 AD3d 128, 137 [1st Dept 2014]). None of the provisions relied upon by defendants specifically disclaim any warranties about the status of commercial tenants' leases, or indeed of any leases.
Whether plaintiff's reliance on defendants' alleged misrepresentations — that the commercial tenants were month-to-month tenants and that their respective leases expired on July 31, 2014 — was reasonable or whether due diligence would have revealed the truth are issues of fact that cannot be resolved at this stage of the litigation (see Lunal Realty, LLC v DiSanto Realty, LLC, 88 AD3d 661, 664 [2d Dept 2011], citing DDJ Mgt., LLC v Rhone Group L.L.C., 15 NY3d 147, 154 [2010]).
The motion court correctly concluded that if defendant Gardon, the principal owner of defendant Garsan Realty Inc., concealed pertinent documents on behalf of Garsan, he may be held personally liable for fraud, regardless of the corporate veil (see First Bank of Ams. v Motor Car Funding, 257 AD2d 287, 294 [1st Dept 1999]).
We have considered defendants' remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MARCH 14, 2019
CLERK