260 Mamaroneck Ave., LLC v Guaraglia (2019 NY Slip Op 03307)





260 Mamaroneck Ave., LLC v Guaraglia


2019 NY Slip Op 03307


Decided on May 1, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 1, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
JEFFREY A. COHEN
COLLEEN D. DUFFY
LINDA CHRISTOPHER, JJ.


2018-08391
 (Index No. 70017/17)

[*1]260 Mamaroneck Avenue, LLC, respondent,
v
Giuseppe Guaraglia, appellant.


Maker, Fragale & Di Costanzo, LLP, Rye, NY (Costantino Fragale of counsel), for appellant.
Cermele & Wood, LLP, White Plains, NY (Besar Thaci and Michael R. Wood of counsel), for respondent.



DECISION & ORDER
In an action, inter alia, to recover damages for fraud, the defendant appeals from an order of the Supreme Court, Westchester County (Gretchen Walsh, J.), dated June 29, 2018. The order, insofar as appealed from, inter alia, denied those branches of the defendant's motion which were pursuant to CPLR 3211(a) to dismiss the causes of action alleging fraudulent inducement and fraudulent concealment.
ORDERED that the order is affirmed insofar as appealed from, with costs.
In or around June 2017, the plaintiff and the defendant entered into a written contract whereby the plaintiff agreed to purchase from the defendant a building in White Plains in which two commercial tenants and one residential tenant leased space. Title to the property closed in late August 2017. In December 2017, the plaintiff commenced this action against the defendant, asserting, inter alia, causes of action to recover damages for fraudulent inducement and fraudulent concealment, and for rescission of the contract of sale. The plaintiff alleged, inter alia, that the defendant falsely represented in the contract of sale that he had not granted any rent abatements or concessions to one of the building's commercial tenants, and falsely represented that the tenant was current on its rent payments. In February 2018, prior to interposing an answer, the defendant moved pursuant to CPLR 3211(a) to dismiss the complaint. The Supreme Court granted those branches of the motion which were to dismiss the causes of action alleging breach of contract but, inter alia, denied those branches of the motion which were to dismiss the causes of action alleging fraudulent inducement and fraudulent concealment. The defendant appeals.
"On a motion to dismiss the complaint pursuant to CPLR 3211(a)(7) for failure to state a cause of action, the court must afford the pleading a liberal construction, accept all facts as alleged in the pleading to be true, accord the plaintiff the benefit of every possible inference, and determine only whether the facts as alleged fit within any cognizable legal theory" (Canzona v Atanasio, 118 AD3d 841, 842; see Breytman v Olinville Realty, LLC, 54 AD3d 703, 703-704). "Where evidentiary material is submitted and considered on a motion to dismiss a complaint pursuant to CPLR 3211(a)(7), the question becomes whether the plaintiff has a cause of action, not whether the plaintiff has stated one, and unless it has been shown that a material fact as claimed by [*2]the plaintiff to be one is not a fact at all, and unless it can be said that no significant dispute exists regarding it, dismissal should not eventuate" (Cassese v SVJ Joralemon, LLC, 168 AD3d 667, 669).
We agree with the Supreme Court's determination denying those branches of the defendant's motion which were to dismiss the causes of action alleging fraudulent inducement and fraudulent concealment. Contrary to the defendant's contention, those causes of action are not duplicative of the breach of contract causes of action (see Minico Ins. Agency, LLC v B & M Cleanup Servs., 165 AD3d 776, 777). "The elements of a cause of action alleging fraud are representation of a material existing fact, falsity, scienter, deception and injury'" (Selinger Enters., Inc. v Cassuto, 50 AD3d 766, 768 [emphasis omitted], quoting New York Univ. v Continental Ins. Co., 87 NY2d 308, 318; see Neckles Bldrs., Inc. v Turner, 117 AD3d 923). Here, the complaint, as amplified by the contract of sale and rider, as well as the lease between the defendant and the commercial tenant, sets forth cognizable causes of action alleging fraud in the inducement and fraudulent concealment (see ACA Fin. Guar. Corp. v Goldman, Sachs & Co., 25 NY3d 1043, 1044; Lunal Realty, LLC v DiSanto Realty, LLC, 88 AD3d 661, 664).
The defendant's remaining contentions are without merit.
DILLON, J.P., COHEN, DUFFY and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court